## THE PEOPLE *v.* ALBERT LEE.

WHERE the verdict of the jury, after finding the prisoner guility of murder in the first degree, contained a recommendation to mercy; and the Court directed the verdict to be recorded without the recommendation: *Held,* not to be error; that the recommendation was addressed solely to the Court, and was no part of the verdict.

On motion for new trial, after conviction of murder, defendant offered to prove that one or more of the jurors agreed to the verdict upon the mistaken impression that it was in the power of the Court to sentence to imprisonment or death in its 'discretion; and that the verdict would have been different but for this impression: *Held,* that the Court below properly rejected such proof; that the jury have nothing to do with the character or extent of the punishment—their province being solely to determine the guilt or innocence of the accused.

The fact that during a trial for murder some of the jurors lifted up a witness, who had suddenly fainted during her examination, and carried her into an adjoining chamber of the Judge, and laid her upon a sofa—the Deputy Sheriff in attendance upon the Court accompanying the jurors, who were absent about a minute, during which time the witness was insensible—is no ground for a new trial because of a separation of the jurors.

Where on trial for murder it was proven that the wound of the deceased was mortal; that she was fully aware of her condition; stated that she could not live; and requested her mother to send for a priest: *Held,* to be sufficient foundation for the introduction of dying declarations.

Defendant having plead not guilty to an indictment for murder found by the grand jury of San Francisco, asked leave to withdraw his plea for the purpose of moving to set aside the indictment, on the ground that one Shepheard was present in the grand jury room while the charge in the indictment was under consideration. Leave refused, because the Court below knew Shepheard to have been Assistant District Attorney at the time: *Held,* that granting leave rested in the discretion of the Court below; and no circumstances being shown indicating any abuse of that discretion, the action of the Court must stand.

*Held,* further, that inasmuch as the leave rested in the discretion of the Court, it was immaterial whether the record does or does not disclose the reason of the Court's action—that is, its knowledge that Shepheard was Assistant District Attorney.

Where, on indictment for murder, the Court directed the Clerk to call and impannel the jury; and defendant objected that several of the jurors of the original panel had been excused without his consent; and that there was not a full panel present: *Held,* that the Court properly overruled the objection.

APPEAL from the Fourth District.

Most of the material facts are stated in the opinion of the Court. The precise facts in regard to the last point considered by the

court are, that the Court directed a panel of thirty jurors to be summoned for the term at which the prisoner was tried.    Before this case was called for trial, some of the jurors had been excused. When the cause came up for trial, and the Clerk was directed to proceed with the calling and impannelling of the jury, defendant objected, on the ground that some jurors had been excused.  Objection overruled, and exception taken by defendant.    The Court then ordered an attachment to issue for certain absent jurors, and directed the impanneling to proceed, to which defendant objected, on the ground that there was not a full panel present.    Overruled, and exception taken.  Before any juror was called, a recess was had, and on the meeting of the Court again twenty-eight jurors answered to their names.    Two, Carrington and Blakely, for whom attachments had issued, were absent—the Sheriff testifying that he had gone to the house of each juror, and was told by the wife of Carrington that he was at Contra Costa ; and was informed at the house of Blakely that he was off at work at some place unknown, and would not return till evening.    The Court then directed the impanneling of the jury to proceed, defendant objecting that the panel was not full.

*George Barstow & C. T. Botts,* for Appellant.

1. Where the verdict is founded on mistake of law, it may furnish ground for new trial ; and this mistake of law may be ascertained by inquiry of the jury after verdict.

If it appear that the jury proceeded upon an incorrect principle in making up their verdict, it will be set aside ; and it is competent to show this by affidavit of the jurors.    This is no infringement of the principle repeatedly recognized by this Court, that the verdict of the jury is not to be impeached by affidavit of the jurors.    Defendant, in this case, did not seek to impeach the verdict, but to show how it was arrived at ; and that the jury rendered it under a mistake of law in this, to wit : They thought the punishment of defendant might be death or imprisonment at the discretion of the Court ; when, if they had known it must be death, they would not have rendered a verdict of guilty of murder in the first degree.

It was error to refuse to allow defendant to show this.   The ground set up was mistake.   (*Payne* v. *Jacobs*, 1 Cal. 39 ; *Green* v. *Speakman*, 8 J. B. Moore, 339 ; 5 Pick. 202 ; 9 Id. 426 ; *Pierce* v. *Woodward*, 6 Id. 206 ; 12 Id. 526 ; *Castro* v. *Gill*, 5 Cal. 40 ; 6 N. H. 361.)

2. It was error in the Court to refuse to allow the verdict to be recorded as rendered by the jury.   (*Moody* v. *McDonald*, 4 Cal. 297.)

3. There was a separation of the jury, without leave of Court, during the trial, under such circumstances that there might have been an improper influence exerted upon them.   (*People* v. *Backus*, 5 Cal. 275.)

4. The verdict was against the evidence and the weight of evidence in this, to wit : defendant set up insanity ; and although it must be conceded that there was some conflict of testimony on this subject, yet there was a preponderance of evidence proving the insanity.   (*George* v. *Law*, 1 Cal. 363 ; *Payne* v. *P. M. S. S. Co.* Id. 33.)

5. There was no proper foundation laid for admitting the dying declarations of deceased.   (*Santillan* v. *Moses*, 1 Cal. 93.)

6. One P. W. Shepheard was present in the grand jury room when the indictment was found ; and he not a witness, grand juror, or District Attorney.   Although this Court has held that P. W. Shepheard, Assistant District Attorney, may be present, they have not passed upon the question presented in this case, because the record in this case does not set up or show his official character.

7. It was error to compel the selection of a jury from a panel not full—a partial panel.   It was error to excuse a portion of the panel without consent of defendant, before any attempt was made to impannel a jury.   The jurors Carrington and Blakely should have been present.   There is no sufficient cause shown for their absence.

*Alexander Campbell*, for Respondent.

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. and COPE, J. concurring.

People *v.* Lee.

The defendant was convicted of the crime of murder in the first degree, and was sentenced to be executed.    He now appeals ; and presents numerous exceptions for consideration, none of which do we find of sufficient importance to justify any interference with the action of the Court below.

1. The verdict of the jurors was accompanied with a recommendation to mercy.    The Court directed the verdict to be entered without the recommendation.    There was no error in this direction. The recommendation was addressed solely to the Court, and constituted no part of the verdict.

2. The defendant offered to prove that one or more of the jurors agreed to the verdict, upon the mistaken impression that it was in the power of the Court to sentence to imprisonment or death in its discretion ; and that the verdict would have been different but for this impression.    The Court does not appear to have listened to the proof, and, we think, in this respect acted correctly.    The jury have nothing to do with the character or extent of the punishment ; their province is solely to determine upon the question of the guilt or innocence of the accused.

3. A witness in the case, during her examination, fainted and fell to the floor.    Some of the jurors sitting near the witness lifted her up, and carried her into the adjoining chamber of the Judge, and laid her upon a sofa.    The Deputy Sheriff in attendance upon the Court accompanied the jurors, who were absent not exceeding one minute ; and during this period the witness was insensible. The separation of the jurors under these circumstances forms one of the grounds for which a new trial was asked.    The Court, it would seem, did not regard the point as worthy of consideration, and in this view we fully concur.

4. The evidence as to the insanity of the defendant was very slight.    We are satisfied that the conclusion of the jury in this respect was correct.

5. There was sufficient foundation laid for the admission of the dying declarations of the deceased.    Her wound was mortal ; and she appeared to be fully aware of her condition.    She stated that she could not live ; and requested her mother to send for a priest.

6. The defendant asked leave to withdraw his plea of not guilty for the purpose of moving to set aside the indictment, on the ground that P. W. Shepheard was present in the grand jury room while the charge in the indictment was under consideration. The Court refused the leave for the reason, as stated by counsel on the argument, that it was well aware that Shepheard was Assistant District Attorney at the time. The record, it is true, does not disclose this fact, nor is it material that it should. The granting of the leave rested in the discretion of the Court; and no circumstances are shown which indicate that there was any abuse in the exercise of that discretion.

7. When the Court directed the Clerk to call and impannel the jury in the cause, objection was made on the ground that several of the jurors of the original panel, summoned for the term, had been previously excused without the consent of the defendant; and being overruled, the further objection was made that there was not a full panel present, and this was in the same manner disposed of. There was no error in these rulings.

The judgment must be affirmed, and the Court below directed to designate a day for the execution of its sentence; and it is so ordered.