[Crim. No. 109.   Second Appellate District.—February 15, 1907.]

# THE PEOPLE, Respondent, v. WILLIAM SYKES, Appellant.

CRIMINAL LAW—RAPE—PLACE OF OFFENSE—DATE WITHIN STATUTE—PROPER INSTRUCTION.—Upon the trial of a defendant charged with rape alleged to have been committed at a specified place "on or about the 15th day of March, 1906," when the prosecutrix elected to prove a rape at the specified place without regard to the date specified, the court properly instructed the jury to the effect that the people were not obliged to prove the exact date of the crime as alleged, but they can prove the crime to have been committed at any time within three years prior to the filing of the information, so long as they prove the crime to be the crime alleged to have been committed by the defendant at the place specified.

ID.—REVIEW UPON APPEAL—MINUTE ORDER AS TO RETURN OF VERDICT—READING TO JURY NOT SHOWN—ERROR OR IRREGULARITY NOT PRESUMED.—When the minute order with reference to the return of the verdict does not disclose that it was read to the court, if, as matter of fact, section 1164 of the Penal Code was disregarded in this respect, it should have been made to appear affirmatively in the record.   Error will not be presumed on appeal; and all intendments are in favor of the regularity of the action of the trial court.

ID.—FORM OF VERDICT OF GUILTY—RECOMMENDATION TO MERCY DISREGARDED—CONSTRUCTION OF VERDICT.—A form of verdict finding "the defendant guilty at the mercy of the court" is a sufficient verdict of guilty; and the recommendation of the defendant to mercy implied from the language used in the verdict may be disregarded as surplusage.   The verdict should have a reasonable construction, and be given effect according to its manifest intention.

ID.—SENTENCE—PREMATURE DATE—ABSENCE OF OBJECTION—PRESUMED ASSENT.—Where no objection was made by the defendant that the date of passing of sentence was premature, he must be held to have assented to the date.

ID.—SUPPORT OF VERDICT.—*Held,* that under the evidence the jury could not have found otherwise than a verdict of guilty.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

William Sykes, Appellant, *in pro per.*

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

ALLEN, P. J.—The information filed in this case charged defendant with the crime of rape, committed as follows: "That the said W. Sykes on or about the 15th day of March, 1906, at and in the county of Los Angeles, State of California, did willfully, unlawfully and feloniously have sexual intercourse with one (giving name), who was then and there a female child under the age of sixteen years, and was not then the wife of said W. Sykes; contrary," etc. The cause was called for trial on January 8, 1908, and the defendant asked for and obtained leave to dismiss the attorney formerly appearing for him and to conduct his own case. The people elected to prove an act committed in the month of March, 1906, in the house known as No. 918 East Sixth street, in the city of Los Angeles. The minute order in the transcript is as follows:

"The evidence being closed, the case was argued and submitted to the jury. The court instructs the jury and the sheriff is sworn to take charge, and the jury retires at 2:22 P. M., returning into court at 5:30 P. M., having agreed upon a verdict. The clerk was then directed to enter the following verdict, to wit: (Title of Court and Cause.) 'We the jury in the above entitled action, find the defendant guilty at the mercy of the court. James Clark, Foreman.' The jury was then discharged and defendant remanded to custody of sheriff. Sentence set for Jan. 10th."

It further appears that on the date named for sentence, upon defendant's application, time for sentence was continued until January 17th. It further appears, however, that on January 15th, the defendant was brought before the court, and was duly informed by the court of the nature of the information against him, and of his trial and of the verdict of the jury. He was then asked if he had any legal cause to show why judgment should not be pronounced, to which he replied that he had none; and no sufficient cause appearing, the court pronounced its judgment, from which this appeal is taken.

It is insisted by appellant that the information does not charge him with the commission of any crime. There is nothing in that point. The information is sufficient.

Error is further claimed by reason of an instruction given by the court to the effect that, "the exact date of this occur-

rence, if you find from the evidence beyond a reasonable doubt that it did occur, is not necessary, so long as the occurrence happened within three years prior to the filing of the information in this case. By this, I mean that the people are not obliged to prove that the crime was committed exactly on the 15th day of March, 1906, the day laid in the information, but that they can prove the crime to have been committed at any time within three years prior to the filing of the information, so long as they prove the crime to be the crime alleged to have been committed by the defendant in the house known as Number 918 East Sixth street in the city of Los Angeles, county of Los Angeles, state of California.'' This charge is almost identical with one given in *People* v. *Allen,* 144 Cal. 300, [77 Pac. 948], and approved, wherein it is said that the particular act having been selected with reference to the circumstances rather than the date, it was proper for the court to instruct the jury as it did. In that case, as in this, after the election expressed by the people, the particular place where the offense was committed became the principal circumstance surrounding the transaction, and the act was selected by reference to circumstance rather than to date.

It will be observed that the minute order with reference to the return of the verdict does not disclose that the verdict was read to the jury after its return into court. If, as a matter of fact, section 1164, Penal Code, was disregarded in this respect, it should have been made to appear affirmatively in the record. Error will not be presumed on appeal. All intendments are in favor of the regularity of the action of the trial court. (*People* v. *Douglass,* 100 Cal. 1, [34 Pac. 490]; *People* v. *Holmes,* 118 Cal. 449, [50 Pac. 675].)

The form of the verdict is criticised by appellant. This verdict returned clearly expresses the fact that the defendant was found guilty, and the recommendation for mercy implied from the language used in the verdict may be disregarded as surplusage. ''There is no good reason why the verdict of a jury should not have a reasonable construction and be given effect according to its manifest intention.'' (*People* v. *Holmes,* 118 Cal. 448, [50 Pac. 676].)

No objection appears to have been made by defendant when he was presented for sentence that the date was premature. In the absence of such objection, he must be held to have

assented to the date for passing sentence. (*People* v. *Mess*, 65 Cal. 174, [3 Pac. 670]; *People* v. *Johnson*, 88 Cal. 174, [25 Pac. 1116].)

While this class of cases demands the closest scrutiny in order to see that defendant has had his full share of legal right in an endeavor to maintain his innocence (*People* v. *Baldwin*, 117 Cal. 244, [49 Pac. 186]), yet, applying that rule in all of its strictness, we are impressed with the conviction that under the evidence the jury could not have found other-wise, and that no prejudicial error is shown waranting a reversal.

The judgment is, therefore, affirmed.

Shaw, J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 14, 1909.