[Crim. No. 1614. Second Appellate District, Division Two.—June 4, 1928.]

THE PEOPLE, Respondent, v. STANFORD RAY, Appellant.

418

C. B. Conlin and E. R. Simon for Appellant.

U. S. Webb, Attorney-General, and James S. Howie,[1] Deputy Attorney-General, for Respondent.

CRAIG, J.—The appellant was charged by information, filed by the district attorney of Los Angeles County, consisting of two counts, with having violated the Motor Vehicle Act, in that while driving an automobile in said county he collided with another vehicle, causing personal injury to the driver thereof, and did then and there fail, neglect, and refuse to stop and render aid; and also that he drove and operated said automobile upon a public highway while under the influence of intoxicating liquor. Appellant was convicted of the latter charge, and appeals from the judgment and an order denying his motion for new trial.

It is strenuously urged that "there was no evidence of any kind or description that the defendant was operating the motor vehicle, to wit, the Cadillac roadster, at the time of the accident while in an intoxicated condition, or while

under the influence of 'intoxicating liquor,' '' as defined by section 112 of the Motor Vehicle Act (Stats. 1927, p. 1436; Deering's Consol. Supp. 1925–1927, Act 5128). The portions of said section here applicable read as follows:

"It shall be unlawful for any person . . . who is under the influence of intoxicating liquor . . . to drive a vehicle on any public highway within this state.

"Any person violating the provisions of this section shall upon conviction be punished by imprisonment in the county jail for not less than ninety days nor more than one year or by imprisonment in the state prison for not less than one nor more than three years, or by a fine of not less than two hundred dollars, nor more than five thousand dollars, and upon every verdict of guilty under this section, the jury shall recommend the punishment and the court in imposing sentence shall have no authority to impose a sentence greater than that recommended by the jury."

It is conceded that on September 25, 1927, at about 4 o'clock A. M., Melvin W. Metcalf, with three companions, was driving a Ford coupe in a southerly direction on Lincoln Boulevard, in the city of Santa Monica, and that appellant was at the same time driving a Cadillac car in a northerly direction upon said boulevard, he also having three passengers; that when Metcalf reached a point south of the intersection of Lincoln and Pico Boulevards, the two machines collided, appellant's car running into the left side of the Ford; that because of the crowded condition of the latter machine, Metcalf permitted his left foot to hang outside the door, which was partly open, and at the impact of the automobiles his foot was severed from the leg.

It appears from the testimony of various witnesses called by the People that immediately after the accident Ray alighted, stating that he could not drive his machine further because it was damaged, and that he assisted in summoning an ambulance; that during his conversations with the witnesses they smelled wine or liquor on his breath. Metcalf, and others who were riding with him, swore that they noticed the headlights of a machine approaching, and that almost instantly it swerved to the left and side-swiped the Ford, turning it completely around. Appellant and one of his witnesses testified that Ray had previously taken two or three drinks of wine only, but a detective who removed ap-

pellant from the Georgia Street police station, at about 10:30 A. M. of the same day, stated that he asked Ray how he was feeling, to which the latter replied that he was not feeling well, and that he talked and staggered "like a drunken man," and plainly smelled of liquor, and admitted that although informed that Metcalf had been killed, he did not remember very much about the accident. A Santa Monica police officer searched the Cadillac while Metcalf lay on the ground awaiting an ambulance, and testified that he found a bottle of gin and a pint bottle containing "bootleg corn liquor" in appellant's machine. It was testified that Ray talked as though he had been drinking some kind of intoxicating liquor, that "he was thick-tongued like he had a mouthful of mush; . . . he could not bring his speech out clear." It may well be that the jury concluded from the defendant's inability to control his automobile, and from his breath, speech, and unsteady walk, as well as his lapse of memory as to the most important event of the day, that he was under the influence of liquor while driving, and was intoxicated at the time of the accident. We cannot say as a matter of law that the jury were not warranted in so finding, and it appears from the record that there is ample evidence to support the verdict and judgment.

The verdict returned by the jury reads as follows: "We, the jury in the above entitled action, find the defendant guilty of violation of section 112, California Vehicle Act, a felony, as charged in Count II of the information, and recommend imprisonment in the County Jail."

It is contended that this verdict is defective for the reason that it does not comply with the provision of said act requiring that "the jury shall recommend the punishment," and limiting the sentence to such recommendation. Section 17 of the Penal Code provides that a felony is punishable by imprisonment in the state prison, and that every other crime is a misdemeanor. The jury in the instant case recommended imprisonment in the county jail, and the court pronounced sentence in accordance therewith, and fixed the period of imprisonment at one year. ■ We think appellant cannot complain of the fact that while the jury may have deemed his offense of such a serious nature as to be classed as a felony, they recommended, and the court administered, the lesser degree of punishment. ■ It is not impossible

that the term "felony" was written into the verdict through inadvertence, but however that may be, it is the established rule in this state that in any such case "it shall be deemed a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the state prison." (*People* v. *War*, 20 Cal. 117; *Doble* v. *Superior Court*, 197 Cal. 556 [241 Pac. 852].)

It is clearly the intent of the statute that the judge shall have some discretion, for in pronouncing sentence the only curtailment of his authority is that he may not impose a greater sentence than that recommended by the jury. In this instance had the jury specifically recommended a term of one year, of course, the situation here presented would not have arisen. But its members must be presumed to have known both their own authority and the punishment which might be imposed, and the effect of this verdict is to recommend imprisonment in a county jail for a term not more than the maximum provided by the statute, to wit, for a period of one year. The sentence pronounced was, therefore, fully within the recommendation of the jury and the court's jurisdiction. But appellant insists that the language "shall recommend the punishment," coupled with the provision of the same section that a jail sentence shall be from ninety days to one year, requires that the jury fix the length of term, and that having failed to do so in this case, the trial court had no authority to pronounce sentence, that the jury may have intended that the minimum penalty be inflicted, whereas the court was left with a discretion to direct that appellant be confined for any length of time from ninety days to one year, and did in fact pronounce sentence of imprisonment in the county jail for one year. No authorities are cited, and we have been unable to find any passing upon the exact question here presented, which is: Was it the legislative intent in imposing upon juries the power to "recommend the punishment" that they merely determine the maximum by stating whether time be served in the county jail or in the penitentiary or the punishment shall be payment of a fine, or, that they must exercise the discretion usually vested in the court and decide what sentence shall be imposed by specifying the length of the term? We think that this language of section 112 of the Motor Vehicle Act is meant to be used in the sense of char-

acter of punishment. It states that: "Any person violating the provisions of this section shall upon conviction be punished by imprisonment in the county jail," or by fine, "or by imprisonment in the state prison," or fine, "and upon every verdict of guilty under this section, the jury shall *recommend the punishment* and the court in imposing sentence shall have no authority to impose a sentence *greater* than that recommended by the jury." Had it been intended that the jury should fix the exact term of imprisonment, it seems clear that the provision would have so stated by depriving the court of "authority to impose a sentence *other* than that recommended," whereas a discretion now remains with the trial judge to pronounce a sentence within that recommended by the jury. Had the intent been as contended by appellant, it would seem, too, that other and more appropriate terms would have been employed to indicate it. For example, it might have provided that the jury "fix," or "declare," or "assess" the punishment; or, the language used in section 190 of the Penal Code might well have been employed to the effect that the punishment be "at the discretion of the jury." The word "recommend" is certainly not apt if it was the intention of the legislature to commit to the jury the duty and authority of fixing the exact punishment. It means to advise or counsel and is not a word expressing finality such as the words "assess," or "declare," used in the statutes of a number of other states where the right to fix the exact punishment upon conviction of crime has been given to the jury. Discretion of this nature is vested in the trial court in all cases except when otherwise expressly provided by the legislature. To construe this provision otherwise would be strained and, we think, contrary to the legislative intent.

The judgment and order denying a new trial are affirmed.

Thompson, J., concurred.

WORKS, P. J., Dissenting.—I dissent. Section 112 of the Motor Vehicle Act declares that the jury shall recommend *the* punishment, and under its provisions punishment may take on any one of three forms: 1. Confinement in the county jail for a fixed period; 2, confinement in the state prison for a fixed period; 3, fine in a fixed amount. *The* pun-

ishment, therefore, in my opinion, is not recommended if the verdict contemplates only a confinement in either of the two places, without specifying a period of time, or a fine without specifying an amount.

It is provided in the section that the court "shall have no authority to impose a sentence greater than that recommended by the jury." It is obvious that in imposing "sentence" the court must either order imprisonment for a stated term, either in the county jail or in the state prison, or must order a fine in a stated amount. The statute provides a range within which imprisonment may be ordered, or a fine imposed. Imprisonment in the county jail is to be "not less than ninety days nor more than one year," in the state prison "not less than one nor more than three years." A fine may be "not less than $200 nor more than $5,000." It will be observed how wide a discretion is left to the court, under the construction placed upon the statute by the majority opinion, after the jury has recommended *the* punishment. This is particularly to be noted in case a fine is recommended. The court may then impose a fine as low as $200, practically a nominal sum when placed beside the comparatively enormous amount of five thousand dollars, an amount twenty-five times as great as the minimum which may be named. Under such circumstances it seems to me obvious that the jury does not recommend *the* punishment when it prescribes merely an imprisonment, either in the county jail or in the state prison, or prescribes merely a fine.

I think the legislature intended the words "a sentence greater," in that part of the section limiting the power of the court, to connect with and to relate principally to the words "less" and "more" where they appear three times in the statute. I think, finally, under the entire language of the enactment, that a jury fails to recommend *the* punishment unless it prescribes a maximum period of confinement in the county jail or in the state prison, or a maximum fine. If section 112 were intended to operate as declared in the majority opinion, it seems that the legislature would have provided that the jury should recommend whether the punishment be by confinement in the county jail, or in the state prison, or by fine. The jury is, instead, required to recommend *the* punishment.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 2, 1928.

All the Justices present concurred.