[Crim. No. 3342. In Bank.—July 24, 1930.]

THE PEOPLE, Respondent, v. P. LOPEZ, Appellant.

56.

Andrew R. Schottky for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

WASTE, C. J.—The defendant was convicted of the offense of driving an automobile while he was intoxicated. The jury rendered the following verdict: "We the jury in the above entitled cause, find. the defendant, P. Lopez, guilty of the crime as charged and recommend that he be sentenced to the County Jail, and further recommend the sentence be suspended." The defendant was thereupon sentenced to serve one year in the county jail. On appeal he raises three questions, two of which were satisfactorily answered by the District Court of Appeal of the Third Appellate District; but one was not referred to, for which reason it was deemed best to transfer the cause here for consideration by this court.

As to the two points considered by the District Court of Appeal, we approve and adopt the opinion of Mr. Justice Thompson, concurred in by Mr. Justice Plummer and Mr. Presiding Justice Finch, as follows:

"The appellant contends that the verdict is void for the reason that, (1) the court disregarded the recommendation of the jury to suspend the sentence, and, (2) the jury failed to recommend a specific term of imprisonment.

"Section 112 of the California Vehicle Act (Stats. 1927, p. 1436) provides in part:

" 'It shall be unlawful for any person . . . who is under the influence of intoxicating liquor . . . to drive a vehicle on any public highway within this state.

" 'Any person violating the provisions of this section shall upon conviction be punished by imprisonment in the county jail for not less than ninety days nor more than one year or by imprisonment in the state prison for not less than one year nor more than three years, or by a fine of not less than two hundred dollars ($200), nor more than five thousand dollars ($5,000), and upon every verdict of "guilty" under this section, the jury shall recommend the punishment and the court in imposing sentence shall have no authority to impose a sentence greater than that recommended by the jury.'

■ "The recommendation of the jury in this case that the sentence be suspended, is not authorized by statute, and is an invasion of the province of the court. That portion of the verdict, however, is mere surplusage and may be disregarded. It does not invalidate the verdict. (*People* v. *Lee*, 17 Cal. 76; *People* v. *Sykes*, 10 Cal. App. 67 [101 Pac. 20]; 16 C. J. 1110, sec. 2601; *Freeman* v. *State*, 151 Ala. 10 [44 South. 46].)

■ "The recommendation of the jury in the present case that the defendant 'be sentenced to the county jail,' without specifying the term of imprisonment, is a sufficient compliance with the mandate of the statute. The discretion of determining the extent of the punishment is vested in the court.

"The exact question which is presented here was decided in the case of *People* v. *Ray*, 92 Cal. App. 417 [268 Pac. 382, 384], in which a hearing was denied in [this] court. In that case, which was a prosecution under section 112 of the California Vehicle Act for driving an automobile while intoxicated, the verdict found the defendant guilty and recommended that he be imprisoned in the county jail, without specifying the term of commitment. The court likewise sentenced him to one year in the county jail. On appeal the judgment was affirmed. The court said:

" 'Had it been intended that the jury should fix the exact term of imprisonment, it seems clear that the provision would have so stated by depriving the court of "authority to impose a sentence *other* than that recommended," whereas a discretion now remains with the trial judge to pronounce a sentence within that recommended by the jury.' "

■ The third contention of the appellant, that the jury did not render a verdict, rests upon the following situation: When the jurors were returned into court after arriving at a verdict, the jury was polled at the request of the defense. Eleven of the jurors answered that the verdict as presented was their verdict, but the twelfth juror, Ehlers, answered, "Yes, if it is not changed from the present form." Without further proceedings or objection from the defense at that point, the court, after thanking the jury, stated that the last part (the recommendation that the sentence be suspended) was not binding upon the court, for which and other reasons it would not pay any attention to such recommendation, which was "simply surplusage, and no part of the verdict."

When the defendant was arraigned for sentence, his counsel interposed a motion in arrest of judgment and a motion for a new trial, upon the ground that twelve jurors had not agreed upon the verdict. Both motions were denied. The trial court acted within its power and duty in permitting the verdict to be recorded as presented, and in regarding the recommendation for suspension of sentence as surplusage. The recommendation was addressed solely to the court and was no part of the verdict. Almost the exact question was long ago decided by this court in accord with this view. (*People* v. *Lee,* 17 Cal. 76, 79.) In that case the defendant was convicted of the crime of murder in the first degree and sentenced to be executed. The verdict of the jurors was accompanied by a recommendation for mercy. The court directed the verdict to be entered without the recommendation, and the defendant offered to prove that one or more of the jurors agreed to the verdict upon the mistaken impression that it was in the power of the court to sentence to imprisonment or death in its discretion; and that the verdict would have been different but for this impression. The court refused to listen to the proof, and this court said that in that respect it acted correctly, saying: "The jury had nothing to do with the character or extent of the punishment; their province is solely to determine upon the question of the guilt or innocence of the accused." (See, also, to the same effect, *People* v. *Sykes,* 10 Cal. App. 67 [101 Pac. 20].)

The judgment and the orders appealed from are and each is affirmed.

Seawell, J., Shenk, J., Richards, J., Curtis, J., and Tyler, J., *pro tem.*, concurred.

Preston, J., dissented.