[Crim. No. 134. Fourth Appellate District.—January 25, 1932.]

THE PEOPLE, Respondent, v. ARTHUR EICKHOLT, Appellant.

Arthur H. Drew for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

JENNINGS, J.—The defendant was convicted of the offense of driving an automobile upon a public highway while he was under the influence of intoxicating liquor. The jury returned the following verdict: "We, the jury in the above entitled action, find the defendant Arthur Eickholt guilty as charged in the information, and we recommend that the punishment be a suspended sentence of 90 days in the county jail and that his car be taken away from him for a period of six months and that he be forbidden to drive any motor vehicle for six months." The defendant was thereupon sentenced to ninety days' imprisonment in the county jail. On appeal he makes two contentions which he maintains entitle him to a reversal of the judgment and of the court's order denying a new trial. These contentions are, first, that the court erred in failing to give the jury further instructions after the verdict was rendered and, second, that the court erred in not entering a judgment in conformity with the recommendation of the jury as set forth in the verdict. The first of these contentions rests upon the hypothesis that the

verdict was illegal and that it became the duty of the court so to advise the jury and to direct that it return a verdict that would comply with the requirements of the law. Since this contention is incidental to the second and principal contention, a consideration of it will be postponed pending an examination of the claim that the court erred in not entering judgment in strict conformity with the jury's recommendation. The gist of the latter contention is that, since the verdict recommended a suspended sentence of ninety days in the county jail, the court was powerless to do anything other than impose a ninety-day sentence in the county jail and suspend it.

Section 112 of the California Vehicle Act (as amended by Stats. 1929, p. 537, sec. 44) provides in part:

"It shall be unlawful for any person . . . who is under the influence of intoxicating liquor . . . to drive a vehicle on any public highway within this state.

"Any person violating the provisions of this section shall upon conviction be punished by imprisonment in the county jail for not less than ninety days nor more than one year or by imprisonment in the state prison for not less than one year nor more than three years, or by a fine of not less than two hundred dollars ($200), nor more than five thousand dollars ($5,000), and upon every verdict of 'guilty' under this section, the jury shall recommend the punishment and the court in imposing sentence shall have no authority to impose a sentence greater than that recommended by the jury."

From the above-quoted language of the act it is to be observed that in an action prosecuted under the provisions of section 112 of the California Vehicle Act "the jury shall recommend the *punishment*" (italics ours), and that the court in imposing sentence may not impose a sentence greater than that recommended by the jury. The statute therefore imposes upon the jury the duty to recommend the punishment to be imposed for the offense. The duty of the jury being thus clearly defined and limited, when it has been performed, the jury's function is completed. That it was the intention of the legislature to leave the matter of leniency to the discretion of the court is clearly indicated by the language of the act prohibiting the court from imposing a sentence *greater* than that recom-

mended by the jury. There is no inhibition against the court imposing a sentence less than the jury recommends (*People* v. *Ray*, 92 Cal. App. 417 [268 Pac. 382]).

██ It is obvious that the verdict herein recommended a punishment of ninety days in jail and that this sentence be suspended. But the jury was under no duty to recommend leniency and no duty devolved upon the court to follow a recommendation of leniency. Such a recommendation has been consistently held to be surplusage (*People* v. *Lee*, 17 Cal. 76, 79; *People* v. *Lopez*, 210 Cal. 55 [290 Pac. 582]; *People* v. *Sykes*, 10 Cal. App. 67 [101 Pac. 20]).

We may now turn to a consideration of the incidental contention that the verdict was invalid as not containing any recommendation as to punishment on the theory that a recommendation of ninety days' suspended sentence is in effect a recommendation that no punishment be .imposed. The contention is not persuasive. The verdict clearly expresses the fact that the defendant was found guilty and the obvious recommendation for leniency may be disregarded as surplusage (*People* v. *Lopez*, *supra*; *People* v. *Sykes*, *supra*). This is the reasonable construction of the verdict adopted by the trial court.

The judgment and order are affirmed.

Barnard, P. J., and Marks, J., concurred.