[Crim. No. 139. Fourth Appellate District.—April 7, 1932.]

THE PEOPLE, Respondent, v. ROBERT KEYLON, Appellant.

J. C. C. Russell for Appellant.

U. S. Webb, Attorney-General, John D. Richer, Deputy Attorney-General, Glenn M. De Vore, District Attorney, and Chester R. Andrews, Deputy District Attorney, for Respondent.

MARKS, J.—In an information filed by the district attorney of Fresno County appellant was charged with the crime of perjury. He was convicted before a jury and sentenced to confinement in the penitentiary. The court denied his motion for new trial. He is here on appeal from the judgment and from the order denying the motion.

The prosecution for perjury grew out of the testimony of appellant given as a witness in a preliminary examination of two defendants charged with burglary. The circumstances leading up to the burglary charge may be briefly summarized as follows: A. A. Singleton was the owner of two truck tires which he had stored in the living quarters of William Lamm, one of his employees. Chester Boyd and Richard Kerr were the lessees of a small two-room house on Olive Street in the city of Fresno at which a drinking party was held on the afternoon and night of August 15, 1931. Some time during this night the tires were removed from the Lamm residence. They were subsequently found in the possession of a second-hand dealer who had purchased them from Boyd and Kerr. Boyd and Kerr were charged with burglary of Lamm's house and stealing the tires.

It was the theory of the two defendants at their preliminary examination that they were not guilty of burglary, because, as they contended, one of them entered the Lamm house at Lamm's invitation and removed the tires with his consent and sold them with his permission. In support of this defense, the appellant here, who was a friend of both Boyd and Kerr, voluntarily testified as a witness in their behalf that he with others arrived at the Olive Street house at about 9 o'clock on the evening of August 15, 1931, and remained there until the afternoon of the following day, with the exception of a trip to Lamm's residence, which he made in his automobile, accompanied by Boyd; that upon reaching the Lamm residence he remained in the automobile while Boyd went to the door of the Lamm house, where he was met by Lamm and taken into the house; that in a few moments Lamm and Boyd returned rolling the two truck tires to the automobile and loaded them; that subsequently on the morning of August 16, 1931, appellant saw Lamm at the Olive Street house where Lamm spent at least two hours in the early morning of that day.

It is apparent from the record that appellant voluntarily offered himself as a witness for the defendants on their preliminary examination; that he was duly sworn before testifying and that this testimony was relevant, competent and material to the defense offered by his two friends.

Appellant maintains that his conviction in the instant case was secured upon the testimony of Lamm alone, uncorroborated by other evidence as required by the provisions of section 1968 of the Code of Civil Procedure. We cannot agree with this contention. Lamm testified that he had not seen either Boyd or appellant at his home on the evening of August 15, 1931; that he did not assist Boyd in taking the tires from his house and in loading them into appellant's automobile; that he gave no one permission to either take the tires or sell them; that he was not at the Olive Street residence of Boyd and Kerr on the morning of the 16th of August, 1931, and did not see the stolen tires there. Two other witnesses testified that either Boyd or Kerr asked appellant for the use of his automobile on the evening of August 15, 1931, which was given; that Boyd and Kerr left together in this automobile unaccompanied by appellant; that appellant did not leave the Olive Street house between the time of his arrival there at about 9 o'clock on the evening of August 15th, and the afternoon of August 16, 1931; that the tires were in the Olive Street house on the morning of August 16th. One witness testified to seeing tires unloaded from an automobile and rolled toward the rear of the Olive Street house on the evening of August 15th. This furnishes sufficient corroboration of Lamm's testimony to support the verdict of the jury and the judgment of the court. (*People* v. *McGee*, 103 Cal. App. 149 [284 Pac. 229].)

Appellant complains of the overruling by the trial court of his objection to the reporter reading in evidence his testimony taken and reported at the preliminary examination of Boyd and Kerr. He maintains that because a defendant is not required to give evidence against himself this testimony should not have been admitted against him. There is no merit in this contention. The rule that a defendant cannot be required to give evidence against himself cannot be so distorted and extended as to exclude evidence given by him freely and voluntarily and under oath in

another proceeding where such evidence furnishes the basis of a charge of perjury against him. This rule was never intended to furnish a shield behind which a defendant could hide and thus protect himself from the results of his wilful perjury.

In cross-examining appellant concerning an extrajudicial statement made by him which he admitted was false, the following question was asked him by an assistant district attorney and was assigned as misconduct: "Then when it made a difference you lied about it?" While the language of the question is somewhat intemperate it does not furnish a ground for a reversal as it is self-evident from the record that appellant either falsified in his testimony at the preliminary examination of Boyd and Kerr or was untruthful in his extrajudicial statement. The same may be said of several other similar questions asked of appellant.

Appellant complains of other acts of purported misconduct of the district attorney. An examination of the record satisfies us that these assignments of error do not furnish any grounds for a reversal of the judgment within the rules announced in the cases of *People* v. *Hodges,* 116 Cal. App. 61 [2 Pac. (2d) 174]; *People* v. *Ruef,* 14 Cal. App. 576 [114 Pac. 48, 54]; *People* v. *Ye Foo,* 4 Cal. App. 730 [89 Pac. 450]; *People* v. *Dykes,* 107 Cal. App. 107 [290 Pac. 102]; and the rules announced and cases cited in 8 Cal. Jur. 619.

Appellant complains of many rulings of the trial court on his objections to questions asked by the deputy district attorney. These are numerous and no good purpose could be served by a review of them here. We have carefully examined the entire record and considered all of them. They do not present sufficiently prejudicial errors to warrant a reversal of the judgment in view of the very evident guilt of the appellant and the justice of the verdict and judgment. It might be noted, however, that the trial court permitted both sides to wander far from the real issues involved in the trial of the case. Where evidence is clearly irrelevant, incompetent and immaterial, and some of it hearsay, no good purpose can be served in admitting it, even though its admission results in no real prejudice to

the cause of the accused. Trial courts should follow well-established rules of evidence.

To its verdict finding the appellant guilty as charged, the jury added the following: "We the jury recommend leniency." Such a recommendation is mere surplusage and may be disregarded as no proper part of the verdict. (*People* v. *Lopez*, 210 Cal. 55 [290 Pac. 582]; *People* v. *Eickholt*, 120 Cal. App. 179 [7 Pac. (2d) 356]; 8 Cal. Jur. 407.)

After the pronouncement of the judgment, counsel for appellant moved the court to set aside the judgment and sentence appellant to Ione as a juvenile, suggesting for the first time that he was seventeen years of age. This motion was denied. Appellant was first in the court below for arraignment on October 16, 1931. The trial occupied several days and he was sentenced on December 1, 1931. His age at that time, according to his testimony, was about seventeen years and seven months. This was disputed by the district attorney who offered to prove him older. He had been in serious trouble twice before. We conclude the facts before us do not show a breach of discretion on the part of the trial court in denying this motion which would require the interference of this court, as there is no showing that the case was not properly in the superior court.

Before the pronouncement of judgment counsel for appellant addressed the court in part as follows: "At this time I am going to ask the court for probation on this case. . . . At this time I ask for probation, ask that he be released on probation." The trial court replied: "That is within the discretion of the court whether it is referred to the probation officer or not. . . . I think I will deny the reference. The boy has been up on two other charges, and perjury is a sort of crime, and it . is fitting the community is given an example of punishing perjury, so I think I will deny the reference to the probation officer." The trial court made no order either granting or denying the request for probation, if the statement of counsel could be considered a formal application for probation. If it be not so considered, the filing of such a formal application was undoubtedly excused by the foregoing and other remarks of the court during the discussion of the matter.

An order denying probation, "made before judgment is not appealable because it may be reviewed on the appeal

from the judgment. (*People* v. *Freithofer,* 103 Cal. App. 165 [284 Pac. 484] ; *People* v. *Lovelace,* 97 Cal. App. 228 [275 Pac. 489].) Under this amendment of 1927, it is now held that it is a right of a defendant to apply to the court for leave to file an application for probation. The granting or refusing to allow the defendant to make such an application, together with the granting or refusing of probation, is a matter within the sound discretion of the court. However, if in refusing to permit the defendant to make an application for probation, the court abuses this discretion, such refusal is subject to correction by writ of mandate, if the application for probation is made after judgment." (*People* v. *Payne,* 106 Cal. App. 609 [289 Pac. 909].)

In *Lloyd* v. *Superior Court,* 208 Cal. 622 [283 Pac. 931, 935], the Supreme Court granted a peremptory writ of mandate requiring the respondent court "to entertain, hear and determine the application of petitioner for probation" after the trial court had concluded that it had no authority to entertain the same. In deciding the question the Supreme Court said: "From the foregoing considerations we are of the opinion that it was the intention of the legislature by its last amendment of section 1203 of the Penal Code, adopted in 1927 (Stats. 1927, p. 1493), expressly removing the limitation of time imposed by the express terms of its earlier amendment, to invest trial courts with the power under said amended section to hear and determine applications for probation at any prior time to the execution of sentence, and that without reference to whether the defendant had in the meantime undertaken to prosecute a vain and unsuccessful appeal. It may be said in conclusion, and without detailed discussion, that we are of the opinion, based upon the previous action of this court in similar proceedings, that the application for a writ of mandate is a proper form of remedy, regardless of the fact that an appeal might lie from the order of the trial court either granting or refusing probation, since we are of the view that an appeal in cases of this character would not furnish to either the people or the defendant a plain, speedy and adequate remedy."

It is evident that if the trial court is under such duty to "hear and determine applications for probation" that its action can be controlled by mandate, the duty to

*receive* and *entertain* such applications, must be included within the duty to *hear* and *determine* them. It follows that the court below should have permitted appellant to file a formal application for probation and should have proceeded to a final determination of the same. It does not follow that the trial judge will be under any duty to grant such application or to do anything more than to fairly hear and consider it and dispose of it by such order as in his discretion he may consider proper. As appellant has the right to apply for probation after the affirmance of the judgment on appeal (*Lloyd* v. *Superior Court, supra*), where no former application has been passed upon, no prejudicial error resulted from the failure or refusal of the trial court to act on the application formerly made. The error may be corrected by permitting appellant to renew his application for probation after affirmance of the judgment, if he be advised that it be for his best interest so to do. The trial court should then hear it and make an appropriate order determining the matter.

The judgment and the order appealed from are affirmed, with directions to the trial court to take appropriate action in the matter of the application for probation, if one be made, in conformance with the views herein expressed.

Barnard, P. J., and Jennings, J., concurred.