[Crim. No. 2712.  Second Appellate District, Division Two.—June 6, 1935.]

THE PEOPLE, Respondent, v. W. W. CUMMINGS, Appellant.

Charles W. Ostrom and John Henderson Pelletier for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

CRAIL, J.—This is an appeal from a conviction under section 112 of the California Vehicle Act of operating a motor vehicle while under the influence of intoxicating liquor.

It is the first contention of the defendant that the court erred in admitting testimony by the arresting officer relative "to oral statements made by the defendant on interrogation in the District Attorney's office after his arrest at a time when only the officials were present, defendant not being represented by counsel, to show that the defendant answered 'yes' on interrogation as to whether he was intoxicated the night before when arrested". No objection was made in the trial court to the introduction of such testimony, and no motion was made to strike it. The objection cannot be raised for the first time on appeal. There was a conflict in the evidence concerning whether or not the statements

were voluntary. The statement of defendant that he was intoxicated when arrested is not a confession but merely an admission (*People* v. *Ferdinand,* 194 Cal. 555 [229 Pac. 341]; *People* v. *Luzovich,* 126 Cal. App. 465 [16 Pac. (2d) 144]), and hence was admissible regardless of whether it was free and voluntary (*People* v. *Gonzales,* 72 Cal. App. 626 [237 Pac. 812]; *People* v. *Baker,* 94 Cal. App. 628 [271 Pac. 765]; *People* v. *Shannon,* 203 Cal. 139 [263 Pac. 522]). We find no error here.

■ The defendant next contends that "the District Attorney was guilty of flagrant misconduct in persistently asking the defendant 'were you not previously arrested for a drunken driving charge and it was reduced?', the District Attorney well knowing that the defendant had never been convicted of a drunken driving charge. . . . " The question was only asked once and then only in cross-examination of defendant's statement on direct examination that he did not know the offense was a felony. There is no showing which would justify appellant's claim that the district attorney well knew the defendant had never been convicted of such a charge. Defendant's objection to the question was sustained by the court and the jury was instructed to disregard all discussion of the same. We see no merit in this contention.

■ The defendant contends that the court erred in failing to instruct the jury that the evidence of the oral admissions of a party is to be viewed with caution. Such an instruction was not asked by the defendant. It was not the court's duty to give such an instruction unless requested by the defendant. (See 8 Cal. Jur. 309, secs. 362, 363.)

■ Section 112 of said act provides: "upon every verdict of 'guilty' under this section the jury shall recommend the punishment and the Court in imposing sentence shall have no authority to impose a sentence greater than that recommended by the jury." The defendant contends that the court erred in instructing the jury to the effect that its recommendation, however, should go no further than to recommend that punishment be by imprisonment in the county jail or state prison or that the punishment should be in the form of the imposition of a fine and that the length of the imprisonment or the amount of the fine were matters which could not be the subject of recommendation by the jury.

The jury recommended that defendant "be punished by imprisonment in the county jail for not less than 90 days nor more than one year". The court in its sentence fixed the length of the imprisonment in the county jail at the minimum provided by the statute which was also the minimum recommended by the jury. For a case somewhat similar, see *People* v. *Ray*, 92 Cal. App. 417 [268 Pac. 382]. We see no merit in this contention.

Judgment affirmed.

Stephens, P. J., and Fricke, J., *pro tem.*, concurred.