[Crim. No. 8734. Second Dist., Div. Two. Sept. 27, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. RUBEN FU-ENTES BAJO et al., Defendants and Appellants.

I. A. Kanarek for Defendants and Appellants.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Rose-Marie Gruenwald, Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, J.—Following a jury trial, defendants were convicted of the crime of kidnaping in violation of section 207 of the Penal Code and were committed to the Youth Authority. They have taken this appeal from the judgment of conviction and from the order denying their motions for new trial. Since said order is no longer an appealable order, the attempted appeal therefrom must be dismissed. (Pen. Code, §§ 1237, 1466.)

By way of assignment of error, appellants assert that the verdicts rendered by the jury were "illegal" in that each verdict, in addition to the usual and proper finding of guilt, contained the following language: "The jury unanimously requests extreme leniency."

The record reveals that trial of this action was commenced on May 22, 1962, when the selection of the jury was undertaken. The jury was accepted on May 24, 1962, and the presentation of evidence by the prosecution was commenced on that date. The jury was instructed on the morning of June 6, 1962, and retired to begin its deliberations at 9:55 a.m. on that day. At noon the jury was taken to lunch and returned to resume its deliberations at 1:45 p.m. At 2:50 p.m. the jury advised the court through the bailiff that they were deadlocked.

Out of the presence of the jury, the trial judge advised appellants and counsel for both sides of this fact and of his conclusion that, considering the length of the trial, more than three hours of deliberation by the jury should be required before a mistrial should be declared. Appellants' motion for a mistrial was thereupon denied and the jury continued its deliberations until 4:30 p.m., when it was taken to lodgings for the evening. The record does not show that the jury ever communicated to the court any other indication that it was deadlocked, or that its earlier communication was intended as a request that it be discharged because there was no reasonable probability that agreement could be reached.

Section 1140, Penal Code, expressly provides that a

jury shall not be discharged, except upon the consent of both parties, until they have agreed upon a verdict "or unless, at the expiration of such time as *the court* may deem proper, it satisfactorily appears that there is no reasonable probablility that the jury can agree." (Italics added.)

Thus, the determination as to what is a "proper" period of deliberations is a matter which is reposed in the sound discretion of the trial court in each instance, and not in the jury itself. Under the circumstances here presented, there is nothing whatsoever to suggest that there was any abuse of discretion or that any coercion upon the jury exercised by the court. (Cf. *People* v. *Goldberg,* 110 Cal.App.2d 17, 23 [242 P.2d 116]; *People* v. *Sullivan,* 101 Cal.App.2d 322, 328 [225 P.2d 645].)

The jury resumed its deliberations at 8:15 a.m. on the following morning, and at 9:45 a.m. advised the court that it had arrived at a verdict. The verdicts were taken and were in the form above indicated. The members of the jury were polled and each affirmed that said verdicts represented his individual decision. Counsel for appellants neither objected to the form of the verdicts nor made any comment thereon until after the jury had been excused, at which time he renewed the motion for a mistrial and urged the illegality of the verdict forms.

It is well settled that any recommendation by a jury regarding leniency is mere surplusage that constitutes no part of the verdict and does not affect its validity. (*People* v. *Gidney,* 10 Cal.2d 138, 145 [73 P.2d 1186]; *People* v. *Lopez,* 210 Cal. 55, 57 [290 P. 582]; *People* v. *Collins,* 195 Cal. 325, 336 [233 P. 97].)

Appellants' arguments actually do not challenge, or even discuss, either of these propositions, but consist wholly of speculative non-sequiturs regarding the alleged fact that, by recommending leniency, the jury *must* have considered the element of punishment—a matter beyond their province—and that in so doing, and as a result thereof, certain members of the initially "deadlocked" jury must have abandoned their individual opinions to which appellants were entitled. As stated in their brief: "The jury was certainly not convinced beyond a reasonable doubt and to a moral certainty that these defendants were guilty; rather, one or more jurors changed a conclusion merely to bring about a unanimous verdict. As aforementioned, this unanimity was achieved only by way of the illegal verdicts."

Such arguments are obviously without merit. The members of the jury, both by their verdicts and by their responses when individually polled, clearly expressed their decision that both appellants were guilty as charged.

The judgment is affirmed and the attempted appeal from the order denying appellants' motions for a new trial is dismissed.

Fox, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied October 24, 1963, and appellants' petition for a hearing by the Supreme Court was denied November 20, 1963.