[Crim. No. 8352. First Dist., Div. One. Sept. 23, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN FRITZ, Defendant and Appellant.

524

COUNSEL

Jack G. Cohen, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Michael Buzzell, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ELKINGTON, J.**—Defendant John Fritz was convicted after a trial to the court of furnishing to another a restricted dangerous drug, to wit, phenobarbital, a violation of Health and Safety Code section 11912. He appeals from the judgment thereafter entered.

Because of the contentions made by Fritz we deem it proper to reiterate rules binding on an appellate court on review of a judgment against a defendant convicted of crime. ■ In reviewing the sufficiency of the evidence an appellate court " 'must assume in favor of the verdict the existence of every fact that the [trier of fact] could reasonably deduce from the evi-

dence and then determine whether or not a reasonable [trier of fact] could find the defendant guilty beyond a reasonable doubt.' " (*People* v. *Hall,* 62 Cal.2d 104, 109-110 [41 Cal.Rptr. 284, 396 P.2d 700].) The test on appeal is not whether an appellate court thinks a defendant guilty beyond a reasonable doubt, rather it is "whether there is susbtantial evidence to support the conclusion of the trier of fact." (*People* v. *Daugherty,* 40 Cal.2d 876, 885 [256 P.2d 911]; accord: *People* v. *Newland,* 15 Cal.2d 678, 680 [104 P.2d 778]; Witkin, Cal. Criminal Procedure (1963) Appeal, §§ 683-685, pp. 666-669.)

Deputy Sheriff Harold Crice, acting in an undercover capacity with three others, on August 15, 1968, went to an apartment occupied by defendant Fritz, who was also known as "Blond John." One of the other men asked Fritz if he could get some "acid" (LSD) or "pot" (marijuana). Fritz indicated that "he could have some by the next evening." When the men returned at that time Fritz told them that he had "been unable to locate any acid or pot" for the reason that "his source had moved." He then said that he had some "downers," and went to a chest of drawers, removed three pills, and handed them to one of the deputy sheriff's companions. When he was offered payment for the pills, he refused, saying, "these are on me." The pills were phenobarbital, a barbituric acid derivative defined as a "restricted dangerous drug" by Health and Safety Code section 11901.

Fritz points out that the information charges that he did "sell *and* furnish" a restricted dangerous drug. ▇▇▇ Since the evidence shows no sale, but instead only a furnishing of the drug, he argues that there is insufficient evidence to sustain the charge.

▇▇▇ The statute, Health and Safety Code section 11912, makes it unlawful to sell *or* furnish a restricted dangerous drug. Where a statute enumerates several acts disjunctively which together or separately constitute a criminal offense, it is proper, indeed necessary, to charge the commission of more than one of such acts in the conjunctive. If commission of any one of the acts is established the defendant is guilty of the crime charged. (*In re Bushman,* 1 Cal.3d 767, 775 [83 Cal.Rptr. 375, 463 P.2d 727]; *People* v. *Turner,* 185 Cal.App.2d 513, 518 [8 Cal.Rptr. 285].) ▇▇▇ Here the evidence establishes a "furnishing" of the proscribed drug by Fritz.

▇▇▇▇ Fritz' contention that the evidence, as a matter of law, indicates an entrapment is also without merit. His argument is well answered by *People* v. *Moraga,* 244 Cal.App.2d 565, 568 [53 Cal.Rptr. 563], which states: "If the criminal intent originates in the mind of the accused and the offense is completed, the fact that an opportunity was furnished or that the accused was aided in the commission of the crime is no defense. The claim of entrapment must also fail where the officer uses no more persuasion than

is necessary for an ordinary sale, and the accused is ready and willing to make the sale. And, when an accused has a preexisting criminal intent, the fact that, when solicited by a decoy, he committed a crime raises no inference of unlawful entrapment." Here the court could conclude that little persuasion was used, and that Fritz, speaking of his "source," had a preexisting criminal intent and was ready and willing to engage in narcotic and restricted dangerous drug transactions. And it is clear, as to the pills actually furnished, the criminal intent arose in the mind of Fritz alone.

█ Fritz, 20 years old, was sentenced by the trial court to state prison for the term provided by Health and Safety Code section 11912, five years to life. He contends that this is excessive and unreasonable, and that at the very least he should have been committed to the California Youth Authority or sentenced to prison under Penal Code section 1202b, permitting a six-month minimum prison term to one under the age of 23. █ It is established law that the severity of the sentence, within the statutory limits confided to the trial court, rests in its sound discretion. (*People* v. *Lopez*, 210 Cal. 55, 57 [290 P. 582]; *People* v. *Surplice*, 203 Cal.App.2d 784, 791 [21 Cal.Rptr. 826].) █ We are not presented with the report of the probation officer (Pen. Code, § 1203) which was read and considered by the court, nor do we otherwise have a record enabling us to review the court's exercise of discretion. No abuse of such discretion is shown.

The judgment is affirmed.

Molinari, P. J., and Sims, J., concurred.