[Crim. No. 1891. Second Appellate District, Division One.—January 14, 1930.]

THE PEOPLE, Respondent, v. EDWARD FREITHOFER, Appellant.

Wm. Christensen for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

CRAIG (ELLIOT), J., *pro tem.*—The facts are stated in the opinion of the court.

This is an appeal from the judgment imposed upon appellant following his conviction of the crime of robbery in the second degree and from the order of the trial court denying his application for probation for the reason, as stated by the trial judge at the time, that the court did not have jurisdiction to consider such application.

Appellant does not seek a reversal of his conviction, but does ask that the judgment be reversed and the cause remanded to the trial court for consideration of the application for probation.

Appellant's co-defendant entered a plea of guilty. Appellant's trial was by jury and by its verdict said jury found appellant guilty of robbery in the second degree.

Robbery perpetrated by torture or by a person being armed with a dangerous or deadly weapon is robbery in the first degree. All other kinds of robbery are of the second degree. (Pen. Code, sec. 211a.) The robbery of the second degree for which appellant stands convicted is a crime wherein the use or possession of a dangerous or deadly weapon is specifically excluded. ▄▄▄ By its verdict, finding defendant guilty of robbery in the second degree, the jury in effect acquitted defendant of robbery of the first degree. "Where a defendant is charged with the crime of robbery, a verdict of robbery in the second degree will not be reversed because under section 211a of the Penal Code, the conviction should have been for robbery in the first degree." (*People* v. *DeVerre*, 68 Cal. App. 742 [230 Pac. 197] ; *People* v. *North*, 81 Cal. App. 113 [252 Pac. 1063] ; *People* v. *Hudson*, 92 Cal. App. 593 [268 Pac. 687].) After the verdict was recorded the judge, then presiding, permitted an application for probation to be filed. The matter of probation and sentence came on for hearing before another judge of said court and in disposing of said matter of probation the latter judge said in part: "The record here shows that you had a codefendant by the name of John Lichtenschtul. . . . It appears from the evidence in the case, and the probation officer's report, that the man who held the gun was not this defendant, but the codefendant, John Lichtenschtul. . . . the court imputes the use of a deadly weapon to this defendant, because the two were there, both engaged in the perpetration of the robbery. . . . For the reasons stated, that the court was without jurisdiction to grant probation in the case, probation is denied." The court ordered appellant committed to the state prison at San Quentin for the period prescribed by law. Thereupon defendant appealed in open court from the order denying probation on the ground stated and from the judgment.

▄▄▄ The order denying probation on the ground that the court did not have jurisdiction to consider an application for probation in this case is not appealable and the attempted appeal therefrom must be dismissed. (*People* v.

*Jones,* 87 Cal. App. 482 [262 Pac. 361]; Pen. Code, sec. 1237.) The action of the trial court in denying probation for lack of jurisdiction as stated may be reviewed on appeal from the judgment. (*People* v. *Jones, supra.*)

We are of the opinion that the court erred in disclaiming jurisdiction to hear and pass upon the pending application for probation upon its merit. It is true that the court may take into consideration, in exercising its discretion in the matter of probation, all of the facts and circumstances of the crime and of the character and life of the defendant irrespective of whether same be disclosed by the evidence in the case, or by other proper means, as, for instance, the probation officer's report. Where, however, application for probation has been filed by permission of court after conviction of defendant of robbery of the second degree, these facts and circumstances can go only to the matter of the discretion of the court in granting or denying probation and do not deprive the court of jurisdiction to hear and determine the application upon its merits. To hold otherwise would nullify the force and effect of the verdict of the jury. The principle of law that all concerned in the commission of a felony are to be prosecuted, tried and punished as principals (sec. 971, Pen. Code) does not affect the matter of jurisdiction involved herein.

The clerk's transcript contains a copy of the minutes of the court reciting an appeal from the court's order denying a motion for a new trial. Appellant, in his opening brief, concedes that no new trial is necessary for the relief now asked for by him.

The appeal from the order denying probation for lack of jurisdiction is dismissed. The order denying the motion for a new trial is affirmed. The judgment is reversed, with directions to the trial court to re-arraign defendant for judgment, and thereupon and in accordance with law to hear and determine on its merits the application of defendant for probation, and thereafter to proceed in the premises as required by law.

Conrey, P. J., and Houser, J., concurred.