[Crim. No. 2267.   Third Dist.   July 24, 1951.]

THE PEOPLE, Respondent, v. CHARLES B. YOUNG, Appellant.

Mark Joseph and Jared W. Hawkins, Jr., for Appellant.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

VAN DYKE, J.—Appellant was informed against by the District Attorney of Stanislaus County for the crime of robbery in the felonious and forcible taking from the presence of Johanna Reyes of a radio, and it was further charged that at the time of the commission of the offense he was armed with a deadly weapon, to wit, a .22-caliber rifle.   Upon trial he was found guilty as charged and the jury fixed the offense as robbery of the first degree.   Application was made for

probation and the same was denied, but in this connection it fairly appears from the record that the denial was based upon a holding by the trial court that under the provisions of section 1203 of the Penal Code it lacked jurisdiction to grant probation. Appellant was sentenced for the term prescribed by law and from this judgment, from the order denying new trial and from the order denying probation he has appealed.

The facts are as follows: About 9 p. m. on July 14, 1950, appellant and a companion went to the home of Mrs. Reyes. When she asked what they wanted, appellant, who then had in his hand a .22-caliber rifle which contained a number of cartridges in the magazine, stated to her that it was a stick-up. The testimony of Mrs. Reyes was that appellant "was holding it [the gun] with both hands on it, just about like you have it, only at the door he pointed it just a little bit towards me. Q. He pointed it towards you? A. Yes sir." The men entered the house and appellant's companion did the talking. He demanded money and when told there was none, asked where the safe was. When told there was no safe, he walked with Mrs. Reyes to where her purse was placed, but obtained no money therefrom. The men then left but as they left, defendant, who carried the gun at all times, took a table radio with him.

On the appeal from the judgment and from the order denying new trial appellant contends only that the evidence is without conflict that because of intoxication he could not have possessed the necessary intent for the commission of the crime charged. That is not the state of the record. His intoxication, if it existed, was voluntary and there is sufficient evidence in the record to sustain a finding by the jury that he was not intoxicated at all. There is no merit to this contention.

█ With respect to the appeal from the order denying probation it has often been determined that no appeal lies from such order. But it has also been held that where the denial of probation is for lack of jurisdiction the order may be reviewed on appeal from the judgment. (*People* v. *Jones*, 87 Cal.App. 482 [262 P. 361]; *People* v. *Freithofer*, 103 Cal. App. 165 [284 P. 484].) We shall so treat it, for that such is the situation presented here is not in dispute. This is manifest from the remarks of the trial judge that he was basing his refusal to consider an application for probation and his denial thereof "solely upon the court's construction of Section 1203 [Penal Code], which in the court's opinion rendered him [appellant] ineligible as a matter of law to receive proba-

tion." The court continued: "I will base it upon that ground, so that in the event the court has committed error in that, that error may be corrected upon an appeal."

■ The code section referred to provides that "probation shall not be granted to any defendant who shall have been convicted of robbery, . . . and who at the time of the perpetration of said crime . . . was himself armed with a deadly weapon (unless at the time he had a lawful right to carry the same), nor to a defendant who used or attempted to use a deadly weapon upon a human being in connection with the perpetration of the crime of which he was convicted." We may assume, without deciding, that defendant had a lawful right to carry the rifle, for we are satisfied that he was ineligible for probation because he used the gun upon Mrs. Reyes in connection with the perpetration of the robbery.

■ The gun in the condition and under the circumstances prevalent here was a deadly weapon. It contained cartridges in the magazine. These cartridges could be chambered and fired almost instantly. It therefore constituted a deadly weapon. (*People* v. *Simpson,* 134 Cal.App. 646, 647, 650 [25 P.2d 1008].) ■ There can be no question but that the appellant used this deadly weapon in the perpetration of the crime and the only remaining argument is that he did not, within the meaning of the statute, use the same "upon a human being." However, when he presented himself with his companion at the doorway of the home of Mrs. Reyes, cradling the weapon in his arms in a position for ready use and said to her, "This is a stickup" he used the weapon upon her. One of the common meanings of the word "upon" is "against," particularly with relation to another person. Webster's International Dictionary gives the following definition: "Against (one), as in vengeance." Putting it another way, we do not think the statute means that in order to have used the rifle upon Mrs. Reyes the defendant would have had to either strike her or shoot her. We hold that the trial court correctly determined the question before it and that the appellant was not eligible for probation.

The judgment and the order denying new trial are affirmed. The purported appeal from the order denying probation is dismissed.

Adams, P. J., and Peek, J., concurred.