[Crim. No. 4661. Second Dist., Div. One. Aug. 13, 1951.]

THE PEOPLE, Respondent, v. WILLIE DANDY, JR., Appellant.

William W. Larsen for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

DRAPEAU, J.—Two colored men engaged the attention of a girl cashier-checker in a market. One of the men bought some candy from her; then he asked her for more. When she turned to the candy boxes behind her she left the drawer of her cash register standing open.

Then the other man, the defendant, reached into the drawer and grabbed a handful of currency. The cashier saw what he was doing, and said, "Give it to me." Defendant threw down some of the bills and left the store. When the register was checked $221.55 was found to be gone.

Defendant was charged with grand theft, waived jury trial, and was convicted following trial before the court. His application for parole was denied, and he was sent to state's prison. He now appeals from the judgment.

Defendant's brief admits the crime, but argues that the probation officer's report should not have contained a long record of roust arrests; also that statements derogatory to him and recommendatory of what the court's action should be had no place in the probation officer's report.

In defendant's brief it is said:

"We feel sure that had the probation report been properly submitted to the court, and had there not been half-truths and misrepresentations therein, that the court would not have felt that a man who paid a ten dollar fine in 1944 for crap shooting, served thirty days in the same year for petty theft, paid a twenty five dollar fine on a petty theft in 1946 and a year for escape in the same year, paid a ten dollar fine for crap shooting in 1948, and in the same year was sentenced for failure to provide, paid a twenty dollar fine for driving without a license in 1950 and committed two burglaries in the spring of 1950, after which he was sentenced to jail for ninety days as a narcotics addict had 'done everything.' To make such a remark the court must certainly have been influenced by the included record of twenty-seven arrests which came to naught and by the ill founded remarks of the probation officer."

Granting of probation is committed to the sound discretion of the trial court. (*People* v. *Jackson*, 89 Cal.App.2d 181 [200 P.2d 204]; *People* v. *Wiley*, 33 Cal.App.2d 424 [91

P.2d 907].)  Probation is not a matter of right but one of grace and clemency. (*People* v. *Hainline*, 219 Cal. 532 [28 P.2d 16] ; *People* v. *Jackson, supra.*)

It can hardly be said to have been an abuse of discretion for the court to have denied probation to one who had "committed two burglaries in the spring of 1950," not to mention the other minor offenses admitted.

Section 1203 of the Penal Code directs the probation officer to make "an investigation of the circumstances surrounding the crime and the prior record and history of the defendant," to make "a written report to the court of the facts found upon such investigation," and to accompany said report "with his written recommendations as to the granting or withholding of probation to the defendant." Nothing in the probation officer's report in this case goes beyond the broad scope of his duties as stated in the code.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.