[Crim. No. 2987.   First Dist., Div. One.   June 4, 1954.]

THE PEOPLE, Respondent, v. BERNARD RAINEY, Appellant.

Bernard Rainey, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondent.

PETERS, P. J.—Defendant, Bernard Rainey, appeals in propria persona from his judgment of conviction of first degree robbery, and from the order denying his motion for a new trial. He also complains that the denial of probation was an abuse of discretion.

In the municipal court appellant pleaded guilty to the charge of robbery, and the cause was transferred to the superior court to fix the degree of the crime. In that court, appellant's counsel, an assistant public defender, stipulated that the admitted robbery was one in the first degree, and the court so fixed it. Thereafter, the defendant appeared for sentencing. Defendant's counsel had on file an application for probation, arguing that his client had no prior felony involvement, that, although he had three prior misdemeanor charges against him, all of them had resulted in fines and no imprisonment, and that defendant had a good employment record. The probation officer recommended against probation. The trial court denied probation, and sentenced appellant to the state prison.

Appellant admits that he, together with two com-

panions, participated in the armed robbery of a liquor store. He admits that he was then armed with a pistol, but claims that he did not display the gun during the robbery. Appellant also admits that he has had a high school education. He claims that his counsel, by advising him to plead guilty in the municipal court and by stipulating in the superior court that the admitted crime was one of the first degree, deprived him of effective legal assistance. There is no merit to this contention. The record of the preliminary hearing is not before us. Appellant admits in his brief that he participated in the robbery. Thus, the advice to plead guilty was in accordance with the facts. The stipulation that the admitted crime was of the first degree is also in accordance with the admitted facts. Under Penal Code, section 211a, "All robbery which is perpetrated . . . by a person being armed with a dangerous or deadly weapon is robbery in the first degree."

█ A person armed with a gun is guilty of robbery in the first degree although the gun is unloaded (*People* v. *Raleigh*, 128 Cal.App. 105 [16 P.2d 752]), and even though the weapon was not exposed. (*People* v. *Hall*, 105 Cal.App. 359 [287 P. 533].) Thus, the admitted facts support the stipulation and the judgment. Under the admitted facts the crime was clearly robbery of the first degree.

Appellant next objects to the fact that he was denied probation, claiming, without a record to support the claim, that one of the participants in the robbery with prior felony convictions, was granted probation. Under the law and the facts the trial court had, at least, the discretion to deny probation, if it was not in fact compelled to do so. █ If the weapon in the pocket was a "deadly" weapon, under the provisions of section 1203 of the Penal Code, the court had no power to grant probation. If it be assumed that under such circumstances the weapon was not "deadly" but only "dangerous," then the same section places probation within the discretion of the trial court. (*People* v. *Johnson*, 106 Cal. App.2d 815 [236 P.2d 190].) █ Probation is, of course, not a matter of right, but an act of grace within the discretion of the trial court. (*People* v. *Dandy*, 106 Cal.App.2d 19 [234 P.2d 61]; *People* v. *Connolly*, 103 Cal.App.2d 245 [229 P.2d 112].) █ In the instant case, the court had before it the application for probation, and the report of the probation officer, made after investigation, recommending a denial of probation. Under such circumstances, and under

the facts admitted by appellant, we cannot hold, as a matter of law, that the trial court abused its discretion.

The judgment appealed from and the order denying the motion for a new trial are affirmed.

Bray, J., and Wood (Fred B.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 30, 1954.