[Crim No. 3317.   First Dist., Div. Two.   Apr. 21, 1958.]

THE PEOPLE, Respondent, v. THOMAS M. SHEELEY,
Appellant.

Thomas M. Sheeley, in pro. per., and S. Bruce Scidmore, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, Raymond M. Momboisse, Deputy Attorney General, Thomas C. Lynch, District Attorney (San Francisco), and Doris Schnacke, Deputy District Attorney, for Respondent.

KAUFMAN, P. J.—On January 24, 1949, the appellant was convicted of armed robbery in the first degree. (Case No. 42238.) On January 28, 1949, the court rendered its judgment, sentencing appellant to San Quentin, and then suspending the sentence on condition that he serve one year in the county jail. In April 1953, appellant was convicted of violating Penal Code, section 476a, sentenced to San Quentin, and again sentence was suspended on condition that he serve one year in the county jail. (Case No. 48268.) On March 13, 1956, the court was informed by the probation officer that the appellant had again been sentenced to San Quentin on another forgery charge, Number 27015. On March 13, 1956, the court revoked probation in Number 42238 and in Number 48268, and sentenced appellant to the state prison. Thereafter, on July 11, 1956, after being informed by the district attorney that the orders of March 1956, were invalid, the court set aside the orders of March 13, 1956, revoking probation on Numbers 42238 and 48268 and sentenced appellant on Number 42238 to the state prison for a term to run concurrently with any other sentence being served; and on Number 48268 to one year in the county jail with credit

for time already served. Defendant appeals from the order of July 11, 1956. His appeal is taken only in Number 42238, the robbery case. Neither he nor the People appeal from any order entered in Number 48268.

Appellant, appearing in propria persona, contends that he was illegally sentenced on Number 42238 as the jail sentence indicates he was convicted of only second degree robbery, that under Penal Code, section 1203.2, the court lacked jurisdiction to revoke the 1949 order as judgment had been pronounced and suspended and he had served the year in the county jail; that he was not properly arraigned before judgment and that he was denied a fair hearing and aid of counsel on July 11, 1956.

The order of January 28, 1949, is an informal grant of probation as a court has no power to suspend a sentence except as an incident to granting probation. (*Oster* v. *Municipal Court*, 45 Cal.2d 134, 139 [287 P.2d 755].) The record indicates that on January 24, 1949, the jury found appellant guilty of armed robbery in the first degree. Penal Code, section 1203, provides: ''Probation shall not be granted to any defendant who shall have been convicted of robbery . . . and who at the time of the perpetration of said crime . . . or at the time of his arrest was himself armed with a deadly weapon. . . .'' The finding of the jury is only for the purpose of determining the degree of the offense as set forth in Penal Code, section 211a, which does not distinguish between ''dangerous'' and ''deadly'' weapons, and is not binding on the court for the purpose of determining eligibility for probation under Penal Code, section 1203, as the prohibition of that section applies only to ''deadly'' weapons. (*People* v. *Raner*, 86 Cal.App.2d 107 [194 P.2d 37]; *People* v. *Coleman*, 53 Cal. App.2d 18 [127 P.2d 309]; *People* v. *Connolly*, 103 Cal.App. 2d 245 [229 P.2d 112].) If the weapon is only dangerous, then probation is within the discretion of the trial court. (*People* v. *Rainey*, 125 Cal.App.2d 739 [271 P.2d 144].) Appellant contends that the order suspending sentence was a valid one, and as the judgment was pronounced and its execution suspended, and he has served the year in the county jail, he cannot now be resentenced. (Pen. Code, § 1203.2; *In re Loros*, 48 Cal.App.2d 680 [120 P.2d 69].)

The attorney general argues that the order is invalid as the appellant was not eligible for probation, *People* v. *Taylor*, 135 Cal.App.2d 201 [286 P.2d 952]; *People* v. *Branch*, 127 Cal.App.2d 438 [274 P.2d 31], and that although the order

is void, the judgment remains valid and must be served. (*People* v. *Cravens*, 115 Cal.App.2d 201 [251 P.2d 717] ; *In re Martin*, 82 Cal.App.2d 16 [185 P.2d 645].) ■ On appeal we must resolve every intendment in favor of the action of the court below, and since as pointed out above, there is a possibility that the trial court properly exercised its discretion in granting probation to the appellant, we can only assume that the order of January 28, 1949, was a valid one. ■ However, on appellant's conviction of a felony, the court could revoke the probation validly granted, and sentence appellant. (*In re Larsen*, 44 Cal.2d 642 [283 P.2d 1043].)

■ In the instant case, when the order granting probation in Number 42238 was revoked, the court imposed sentence to run concurrently with any sentence then being served. There was not therefore a miscarriage of justice, or prejudice in respect to a substantial right within Penal Code, section 1404.

■ The order in question does not state a "probationary period." Penal Code, section 1203.1, provides that the maximum period of probation cannot exceed the maximum time for which sentence of imprisonment might be pronounced. Penal Code, sections 213 and 671, provide that the maximum punishment for robbery in the first degree is a life term, the minimum, five years. Where no period of probation is fixed by the court, the probation term will be deemed to be the maximum period of imprisonment for the offense. (29 Cal. Jur.2d 363.) Thus, the order of January 28, 1949, was revoked within the proper statutory period.

■ The order of March 13, 1956, revoked probation and sentenced appellant to prison for the term prescribed by law. The court thus exhausted its jurisdiction in Number 42238, and the order here appealed from must be reversed. The result of this reversal is to leave in effect the order of March 13, 1956, insofar as Number 42238 is concerned.

Judgment reversed.

Dooling, J., and Draper, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 17, 1958. Schauer, J., was of the opinion that the petition should be granted.