HERNDON, J.
 

 Appellant pleaded guilty to two counts of robbery in the second degree. Probation was denied and appellant was sentenced to state prison for the term prescribed by law. This appeal is taken from the sentence. Although an appeal from a sentence does not lie and is subject to dismissal
 
 (People
 
 v.
 
 Gallardo,
 
 41 Cal.2d 57, 60 [257 P.2d 29] ;
 
 People
 
 v.
 
 Dills,
 
 171 Cal.App.2d 256, 260 [340 P.2d 350]), in view of the policy requiring a liberal construction of a notice of appeal in favor of its sufficiency (rule 31 (b), Rules on Appeal;
 
 In re Gonsalves,
 
 48 Cal.2d 638, 642-643 [311 P.2d 483]) and the decisions in
 
 People
 
 v.
 
 Tokich,
 
 128 Cal.App.2d 515 [275 P.2d 816], and
 
 People
 
 v.
 
 Robinson,
 
 43 Cal.2d 143 [271 P.2d 872], this appeal will be treated as an appeal from the judgment.
 

 Appellant’s principal contention is that the trial court erroneously concluded that he was ineligible for probation and therefore refused to consider his application on its merits. Thus, the issue presented is whether or not the trial court’s denial of probation was based on a proper interpretation of the law.
 

 The facts are essentially undisputed. In consolidated informations appellant and his codefendants were charged with four counts of robbery in violation of section 211 of the Penal Code. As to counts I and II, involving appellant and two codefendants, it was alleged that defendants were armed with three " deadly weapons ’ ’ at the time of the commission of the offense and with two “concealed deadly weapons” at the time of arrest. Similarly, as to counts III and IV, involving appellant and one codefendant, it was alleged that they were armed with two “deadly weapons” at the time of the commission and at the time of arrest. When the cause was called for trial, appellant withdrew his plea of not guilty to counts I and III of the consolidated information, and pleaded guilty “to second degree Robbery as charged in each of said counts.” Both codefendants acted similarly with regard to Count I and one codefendant so acted with regard to Count III. A probation officer’s report was ordered as to all three defendants and the proceedings were continued to a later date for purposes of probation hearing, judgment and sentence.
 

 At the time of judgment and sentence, probation was denied
 
 *95
 
 as to appellant ancl one codefendant and granted as to appellant’s other codefendant. The judgment contains the following recitals and provisions: ‘ ‘ Counts 1 and 3 : The Court finds defendant was armed with a deadly weapon. Probation denied. Defendant is sentenced as indicated . . . Whereas the said defendant having duly pleaded guilty in this court of the crime of Robbery (Sec 211 PC), of the second degree, a felony, as charged in each of the Counts 1 and 3 of the information; the Court having found that the defendant was armed as alleged It is Therefore Ordered, Adjudged and Decreed that the said defendant be punished by imprisonment in the State Prison for the term prescribed by law, on said counts....”
 

 In denying probation to appellant, the court stated: “...The Court will be glad to recommend to the Parole Board leniency for this defendant. But I feel that the defendant—the Court will have to follow the law in this matter. It will be the order of the Court probation be denied and the defendant will be sentenced to the State Penitentiary for the term prescribed by law. . . . The court finds this to be a dangerous and deadly weapon ...”
 

 Appellant contends that the trial court’s denial of probation was based, not upon a consideration of his application on the merits, but upon an erroneous view that he was ineligible under Penal Code, section 1203, which,
 
 inter alia,
 
 declares a legislative policy limiting the discretion of a trial court in granting probation to persons convicted of robbery, where such persons were armed with a deadly weapon either at the time of the commission of the crime or at the time of arrest. After quoting section 211 defining robbery, appellant quotes section 211a defining the degrees of robbery: “All robbery which is perpetrated by torture or by a person being armed with a dangerous or deadly weapon is robbery in the first degree. All other kinds of robbery are of the second degree. ’ ’
 

 In his brief appellant amplifies his contention as follows: “The court was bound by the plea to the crime of second degree robbery, which eliminates the finding that appellant was armed with a dangerous or deadly weapon. Having accepted the plea to second degree, it was implicit that appellant was not so armed, and the court was barred from so finding by its acceptance of the plea to second degree robbery, which is well defined by section 211a. When the court accepted a second degree plea, it in fact became second degree robbery, and no other finding in conflict with this could properly be
 
 *96
 
 made by the court. In fact, no evidence to the contrary could have been properly entertained by the court. Somehow the court felt he could not grant probation by reason of the law. There was no provision in the law which forbade the court from granting probation. He was in error." At oral argument, appellant advanced the further contention that the peculiar language of the judgment which we have quoted above indicates that, although the trial court accepted appellant's plea of guilty to robbery in the
 
 second
 
 degree, it actually found him guilty of robbery in the
 
 first
 
 degree and sentenced him accordingly, acting under the erroneous view that he was ineligible for probation.
 

 As we interpret the record, it rather clearly supports appellant’s contention that the trial court denied his application for probation on the theory that he was ineligible as a matter of law. We also agree Avith appellant’s contention that the judgment in this case is so phrased that it might fairly be construed as an adjudication that he was guilty of robbery in the first degree carrying the more severe sentence appertaining to that offense. In view of the court's acceptance of appellant’s plea of guilt to the lesser offense, a judgment susceptible of the unfavorable construction suggested would be clearly inappropriate. Thus, we conclude that the judgment should be corrected and clarified in this respect.
 

 It is well settled that probation is not a matter of right, but is an act of grace and clemency, the grant or denial of which is within the court’s discretion.
 
 (In re Trombley,
 
 31 Cal.2d 801, 811 [193 P.2d 734];
 
 People
 
 v.
 
 Rainey,
 
 125 Cal.App.2d 739, 741 [271 P.2d 144], And see 29 Cal.Jur.2d 335, Judgments, § 346, and cases cited therein.) Such an exercise of discretion will not be interfered with on appeal in the absence of a clear showing of abuse.
 
 (People
 
 v.
 
 Jackson,
 
 89 Cal.App.2d 181, 182 [200 P.2d 204] ;
 
 People
 
 v.
 
 Adams,
 
 100 Cal.App.2d 841, 844 [224 P.2d 873]
 
 ; People
 
 v.
 
 Connolly,
 
 103 Cal.App.2d 245, 247-248 [229 P.2d 112] ;
 
 People
 
 v.
 
 Cooper,
 
 123 Cal.App.2d 353, 357 [266 P.2d 566] ;
 
 People
 
 v.
 
 Bartges.
 
 126 Cal.App.2d 763, 776 [273 P.2d 49] ;
 
 People
 
 v.
 
 Lippner,
 
 219 Cal. 395, 400 [26 P.2d 457]. See also 29 Cal.Jur.2d 348, Judgments, § 355.) The general rule is that an order denying probation on the merits is not reviewable on appeal.
 
 (People
 
 v.
 
 Jones,
 
 87 Cal.App. 482, 497-498 [262 P. 361]
 
 ; People
 
 v.
 
 Ralls,
 
 21 Cal.App.2d 674, 678 [70 P.2d 265] ;
 
 People
 
 v.
 
 Erickson,
 
 74 Cal.App.2d 339, 340 [168 P.2d 417];
 
 People
 
 v.
 
 Young,
 
 105 Cal.App.2d 612, 613 [233 P.2d 155];
 
 Schaefer
 
 
 *97
 
 v.
 
 Superior Court,
 
 113 Cal.App.2d 428, 438 [248 P.2d 450]. And see 29 Cal.Jur.2d 359, Judgments, § 359.)
 

 For purposes of determining whether a convicted defendant is a deserving candidate for clemency, the trial court is entitled to consider the defendant’s record and all the facts and circumstances of the ease as disclosed by the evidence and by the probation officer’s report. It has been held that in determining these matters the court is not bound by the findings of fact necessarily implied in a verdict fixing the degree of the crime.
 
 (People
 
 v.
 
 Costa,
 
 108 Cal.App. 90, 93 [290 P. 891];
 
 People
 
 v.
 
 Connolly, supra,
 
 103 Cal.App.2d 245, 248;
 
 People
 
 v.
 
 Sheeley,
 
 159 Cal.App.2d 578, 580 [324 P.2d 65].) By parity of reasoning it must be held that while acceptance of a defendant’s plea of guilty fixes the degree of the crime for purposes of the sentence, it should not, and does not, limit the power of the court to determine the facts for purposes of probation. Hence in the ease at bar the trial court’s acceptance of appellant’s plea of guilty to robbery in the second degree did not bind the court to assume or find, for the purpose of probation, that he was not armed with a deadly weapon at the time of the commission of the offense or at the time of his arrest. Any expressions in
 
 People
 
 v.
 
 Freithofer,
 
 103 Cal.App. 165 [284 P. 484], at variance with this conclusion are inconsistent with the holdings in the more recent decisions above cited which we regard as sound in principle.
 

 In the ease at bar, the court did not state unequivocally that its denial of probation was not based on a consideration of appellant’s application on the merits. However, we believe that the only fair conclusion to be drawn from the circumstances as a whole is that the court’s refusal to grant probation to appellant was based, first and foremost, upon its determination that, appellant having been armed at the time he committed robbery or when he was arrested, or both, he was ineligible for probation under Penal Code, section 1203. The statement “. . .1 feel that the defendant—the Court will have to follow the law in this matter,” is in itself not conclusive as to the basis of the court’s denial of probation, but when taken together with the statement, ‘1 [t] he Court finds this to be a dangerous and deadly weapon” and the pronouncement in the judgment, ‘1 [t] he Court finds defendant was armed with a deadly weapon. Probation denied,” the conclusion seems inescapable that the court was not consider
 
 *98
 
 ing appellant’s application on the merits, but finding him ineligible for probation as a matter of law. Our conclusion is further strengthened by a colloquy between the trial judge and the attorney for one of appellant’s codefendants who received the same sentence as did appellant and who was sentenced just prior to him. Counsel maintained that the firearms in question were not loaded and requested probation for his client. The following discussion ensued:
 

 “The Court: Well, I don’t have any discretion in the matter. If under the law I was given a discretion, I might be able to consider that. But where the facts show in the information it alleges at the time of the commission of the offense he was armed with a deadly weapon, and the supplemental report shows at the time they were arrested those revolvers were loaded. I don’t have any discretion in the matter. [Counsel:] If your Honor please, this is a second degree. The Court : But I mean the facts are still the facts which cannot be overlooked. It will be the order of the Court that probation in this matter will be denied and the defendant will be sentenced to the State Penitentiary for the term prescribed by law. . . . The Court finds it was a dangerous and deadly weapon and it was loaded at the time of the offense.”
 

 While an order denying probation on the merits is generally not reviewable on appeal
 
 (People
 
 v.
 
 Balls, supra,
 
 21 Cal.App.2d 674, 678;
 
 People
 
 v.
 
 Young, supra,
 
 105 Cal. App.2d 612, 613;
 
 Schaefer
 
 v.
 
 Superior Court, supra,
 
 113 Cal.App.2d 428,
 
 438; People
 
 v.
 
 Jones, supra,
 
 87 Cal.App. 482, 497-498; 29 Cal.Jur.2d 359, Judgments, § 359, and cases cited therein), where denial of probation is based upon an erroneous view of the probation law or upon the court’s opinion that it is without power or jurisdiction in the matter, the order of denial, though not appealable
 
 (People
 
 v.
 
 Freithofer, supra,
 
 103 Cal.App. 165, 167;
 
 People
 
 v.
 
 Keylon,
 
 122 Cal.App. 408, 414-415 [10 P.2d 86]), may be reviewed on appeal from the judgment.
 
 (People
 
 v.
 
 Freithofer, supra,
 
 at 168;
 
 People
 
 v.
 
 Keylon, supra; People
 
 v.
 
 Young, supra; Schaefer
 
 v.
 
 Superior Court, supra; People
 
 v.
 
 Jones, supra,
 
 at 498.)
 

 Where an individual is eligible for probation, the trial court must hear and determine his application for probation on the merits. (Pen. Code, § 1203;
 
 People
 
 v.
 
 Keylon, supra; People
 
 v.
 
 Neal,
 
 108 Cal.App.2d 491, 494 [239 P.2d 38] ;
 
 People
 
 v.
 
 Means,
 
 117 Cal.App.2d 29, 31 [254 P.2d 585] ;
 
 People
 
 v.
 
 Johnson,
 
 140 Cal.App.2d 613 [295 P.2d 493].)
 
 *99
 
 Failure to do so constitutes a denial of a substantial right.
 
 (People
 
 v.
 
 Raner,
 
 86 Cal.App.2d 107, 113 [194 P.2d 37] ;
 
 People
 
 v.
 
 Neal, supra,
 
 at 495;
 
 People
 
 v.
 
 Means, supra.)
 
 Where a court erroneously concludes that a defendant is not eligible for probation and pronounces judgment without considering the merits of his application, the judgment must be reversed, not for a new trial, but with directions to consider the application on its merits.
 
 (People
 
 v.
 
 Gotto,
 
 138 Cal. App.2d 165, 168 [291 P.2d 41];
 
 People
 
 v.
 
 Southack,
 
 39 Cal.2d 578, 591 [248 P.2d 12], See also 29 Cal.Jur.2d 337, Judgments, § 347.)
 

 Prior to 1957, Penal Code, section 1203, provided,
 
 inter alia,
 
 that “Probation shall not be granted to any defendant who shall have been convicted of robbery . . . , and who at the time of the perpetration of said crime ... or at the time of his arrest was himself armed with a deadly weapon ...” Under that statute, it was well settled that where a defendant, convicted of robbery, was himself armed, either at the time of the perpetration of the crime or at the time of his arrest, with a deadly weapon which he had no legal right to carry, such a person was ineligible for probation and a trial court had no discretion to consider his application for probation.
 
 (People
 
 v.
 
 Rainey, supra,
 
 125 Cal. App.2d 739, 741.) This is seemingly what the court meant when it said it would “have to follow the law in this matter. ”
 

 However, in 1957, this paragraph of section 1203 was amended to read as follows: “The Legislature hereby expresses the policy of the people of the State of California to be that,
 
 except in unusual cases where the interest of justice demands a departure from the declared policy,
 
 no judge shall grant probation to any person who shall have been convicted of robbery, . . . and who at the time of the perpetration of said crime ... or at the time of his arrest was himself armed with a deadly weapon ...” (Emphasis supplied.) It is our belief that the court failed to consider the effect of this amendment and was, therefore, under a misapprehension as to its discretionary powers. The only significance which this amendment can have is to remove the crime of robbery with a deadly weapon from the list of offenses for which probation is absolutely prohibited. (For an expression of this view, see 32 St. B.J. 612.) Thus, the court was incorrect in its conclusion that denial of probation was mandatory. If it conceived this to be an “unusual” case in which the interest of justice demanded a departure from the general policy, it did have the
 
 *100
 
 duty to entertain appellant’s application and the discretionary power to grant it.
 

 The judgment is reversed with directions to the trial court to reárraign appellant for judgment, and thereupon and in accordance with law to hear and determine on its merits appellant's application for probation, and thereafter to proceed in the premises as required by law.
 

 Fox, P. J., and Ashburn, J., concurred.
 

 A petition for a rehearing was denied January 6, 1960, and respondent’s petition for a hearing by the Supreme Court was denied February 3, 1960.