[Crim. No. 7227.   Second Dist., Div. Two.   Dec. 14, 1960.]

THE PEOPLE, Respondent, v. ROBERT WHITTIER LEWIS, Appellant.

Charles R. Hand for Appellant.

Stanley Mosk, Attorney General, and Jack E. Goertzen, Deputy Attorney General, for Respondent.

FOX, P. J.—Defendant was convicted of violating section 11530 of the Health and Safety Code, a felony (possession of marijuana). He has appealed from the judgment, the orders denying (1) his motion for a new trial, and (2) his application for probation.

On the evening of September 28, 1959, Officers Curatalo and Black, of the Los Angeles Police Department, were patrolling the El Serreno area northeast of the Los Angeles Civic Center. Officer Black was driving the police car with its lights off. Officer Curatalo knew that numerous burglaries had recently been committed in the immediate vicinity of Multnomah and Soto Streets. The officers' supervisor had directed them to be on the alert for that particular crime. The main purpose of the officers in patrolling that area was because of the previous burglaries.

At approximately 10:30 p.m., the officers were driving westbound on Multnomah Street when Officer Black observed an Oldsmobile make a U-turn and turn off its headlights. The officers saw the car enter a driveway into a gasoline station on the corner of Multnomah and Soto Streets. The gasoline station was closed and there were no lights on. Officer Curatalo observed the Oldsmobile, with its lights still off, pull to the center of the station alongside the business office. At that time the officers drove into the station and turned on their headlights. At that instant the Oldsmobile's headlights were turned on and it rapidly drove out of the station and away from that area. The officers pursued. They stopped the Oldsmobile shortly thereafter with the aid of their red lights and siren because they believed defendant to be a burglary suspect. The Oldsmobile, which was being driven by defendant, abruptly pulled over to the curb and, while the car of the officers was rolling to a stop, the door on the driver's side of the Oldsmobile opened and defendant "sprang out" of the car, nearly falling to the ground, and rapidly walked toward the officers. Officer Curatalo immediately got behind defendant and Black stood in front of him. Officer Curatalo proceeded to "frisk" him for offensive weapons. Defendant had on a very thick, heavy jacket. As Officer Curatalo's right hand passed over defendant's right jacket pocket, defendant "automatically grasped" his hand,

preventing the officer from further examining an object which he felt in defendant's pocket. The officer thereupon "yanked" his hand free from defendant's put his hand into defendant's pocket, and pulled out a bag that felt very light. He asked defendant what was in the bag. Defendant mumbled a few words, and then stated that it was seed for his parrot. He later said, "Well, I might as well tell you. It is weed [marijuana] that I got in Hawaii about three months ago." Defendant further told the officer that there was about twice as much as that in the bag when he got it but he didn't know what happened to the other half.

The officer then placed defendant under arrest for possession of marijuana, which chemical analysis showed the contents of the bag removed from defendant's pocket to be. He had no warrant for defendant's arrest.

David A. Liddell testified on behalf of defendant: that he was a passenger in defendant's car on the night in question; that they were taking defendant's cousin home to San Fernando Valley; that they made a U-turn into a gas station and drove out the other driveway without stopping, and that the lights on defendant's car were not turned out. Liddell further testified that defendant's hands were on the hood of the car while he was being searched. This testimony was denied by Officer Curatalo.

Defendant did not testify.

In seeking a reversal defendant's basic contention is that the evidence against him was procured by an unlawful search and seizure and was therefore inadmissible. We have concluded that defendant's position is not well taken.

The essential point to be determined is whether Officer Curatalo acted reasonably under the circumstances in making the search of defendant that revealed his possession of contraband. If so, the search was lawful and the contraband admissible in evidence. We start with the fact that Officer Curatalo knew that numerous burglaries had been recently committed in the area that the officers were patrolling, and that the main purpose of their patrol was because of these crimes and the direction of their supervisor to be on the lookout for such depredation. In such circumstances any unusual actions on the part of persons on the street late at night would naturally create suspicion and might well call for investigation or interrogation. So, when the police officers observed the Oldsmobile make a U-turn, its headlights off, the car enter the driveway of a closed service station, and pro-

ceed to the center area alongside the business office, the officers naturally and quite properly went into action. They immediately drove into the station and as they were doing so the officers turned on the headlights of their car. The moment the officers did this the occupants of the Oldsmobile put on its lights and "it accelerated rapidly out of the station." The officers pursued the Oldsmobile and stopped it by the use of their red lights and siren. In this setting the officers were obviously entitled to stop the car for the purpose of questioning the occupants. (*People* v. *West*, 144 Cal.App.2d 214, 217-218 [300 P.2d 729].) The officers noted that the Oldsmobile pulled over to the curb "rather abruptly"; that defendant "sprang out" of the car, nearly falling, and rushed toward the officers. When defendant reached the officers they immediately began "frisking" him for offensive weapons. This they had a perfect right to do as a means of self-protection before questioning the defendant. (*People* v. *Simon*, 45 Cal.2d 645, 650 [290 P.2d 531] ; *People* v. *Martin*, 46 Cal.2d 106, 108 [293 P.2d 52].) While thus "frisking" defendant he "automatically grasped" the officer's right hand as it passed over his right jacket pocket, thus "preventing the officer from further examining an object which" the officer "felt in his pocket." This was a furtive act, giving Officer Curatalo reasonable cause to believe defendant was hiding some form of contraband. (*People* v. *Blodgett*, 46 Cal.2d 114, 117 [293 P.2d 57].) The officer thereupon had the right to reach into defendant's jacket pocket and extract therefrom the paper bag which turned out to contain marijuana. (*People* v. *Jiminez*, 143 Cal.App.2d 671, 673 [300 P.2d 68].) It is true that when Officer Curatalo started running his hands over defendant's outer clothing he was searching for a gun or other weapon, but when, in the course of that operation, defendant grabbed the officer's hand as it passed over his right jacket pocket, he involuntarily gave an indication that he had something illegal in it that he did not want the officer to find. At that moment the search took a new turn—for the object defendant was instinctively trying to conceal. ■ In such circumstances the statement of the court in *People* v. *Jiminez, supra* (p. 673), is apposite: "If the proposition holds true that search is not justified by its results, the converse holds true that a search based on appearances is not rendered unlawful by the fact that the contraband actually on hand was not that which reasonably was thought to be present."

The search and seizure were proper and lawful and the contraband thus obtained was admissible in evidence.

Defendant has also attempted to appeal from the order denying probation. There is no appeal from such an order. (*Schaefer* v. *Superior Court*, 113 Cal.App.2d 428, 438 [248 P.2d 450]; *People* v. *Young*, 105 Cal.App.2d 612, 613 [233 P.2d 155].) But where the denial is (1) for lack of jurisdiction (*Schaefer* v. *Superior Court, supra*); or (2) because the court failed to follow the statutory requirements pertaining to probation (*People* v. *Wade*, 53 Cal.2d 322, 338 [1 Cal.Rptr. 683, 348 P.2d 116]; *People* v. *Hollis*, 176 Cal. App.2d 92, 99 [1 Cal.Rptr. 293]); or (3) because there is a clear showing of abuse of discretion (*People* v. *Cooper*, 123 Cal.App.2d 353, 357 [266 P.2d 566]; *People* v. *Wade, supra*), such denial may be reviewed on an appeal from the judgment. Here, however, there is no showing whatever that brings defendant's case within any of the foregoing categories.

The judgment and order denying a new trial are affirmed. The purported appeal from the order denying probation is dismissed.

Ashburn, J., and Herndon, J., concurred.