[Crim. No. 7350.   Second Dist., Div. Two.   Mar. 21, 1961.]

THE PEOPLE, Respondent, v. CHARLES PHILLIP OVERTON, Appellant.

Milton William Gordon for Appellant.

Stanley Mosk, Attorney General, and Jack E. Goertzen, Deputy Attorney General, for Respondent.

FOX, P. J.—Appellant was charged in an indictment with one count of violating section 11530, Health and Safety Code (possession of marijuana). One Robert Otto was charged along with appellant in this count and was charged separately in a second count with the same crime.

Appellant was arraigned and entered a plea of guilty. A probation officer's report was ordered. Appellant's motion to vacate his plea of guilty was denied. Probation was denied, and he was sentenced to the state prison.

When appellant's application for probation came on for hearing, the trial judge stated he had read and considered the probation officer's report and inquired whether there was any reason why judgment should not be pronounced. Counsel for appellant thereupon objected to the court's consideration of the report on the ground that it contained extrajudicial statements indicating that his client was involved in narcotic activities with his codefendant Otto other than count I charging him with possession of marijuana. Counsel then made a motion for a continuance of the hearing on probation and sentence and that "a new probation report be made which will only go into the facts that we have pleaded guilty to here." Counsel also moved that "defendant be permitted to change his plea of 'guilty' to 'not guilty' because he is only guilty of one thing, and that is what he pleaded to . . . the possession of narcotics in his room, as he stated." This appeal is from the "judgment herein rendered . . . and from the judgment denying defendant's motion for continuance of hearing for probation and sentence, and denying defendant's motion to set aside his plea of guilty and permitting him to enter a plea of not guilty to the charge against him."

We find no merit in any of appellant's contentions.

No appeal lies from an order denying probation (*People v. Hinton*, 166 Cal.App.2d 743, 749 [333 P.2d 822]; *People v. Winston*, 46 Cal.2d 151, 154 [293 P.2d 40].) "But where the denial is (1) for lack of jurisdiction (*Schaefer v. Superior Court*, 113 Cal.App.2d 428, 438 [248 P.2d 450]); or (2) because the court failed to follow the statutory requirements pertaining to probation (*People v. Wade*, 53 Cal.2d 322, 338 [1 Cal.Rptr. 683, 348 P.2d 116]; *People v. Hollis*, 176 Cal.App. 2d 92, 99 [1 Cal.Rptr. 293]); or (3) because there is a clear showing of abuse of discretion (*People v. Cooper*, 123 Cal. App.2d 353, 357 [266 P.2d 566], *People v. Wade, supra*), such denial may be reviewed on an appeal from the judgment."

(*People* v. *Lewis,* 187 Cal.App.2d 373, 377 [9 Cal.Rptr. 659].)

In passing on an application for probation, the trial judge has a wide discretion in exercising his judgment, and his judgment will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. (*People* v. *Hollis,* 176 Cal.App.2d 92, 96 [1 Cal.Rptr. 293]; *People* v. *Johnson,* 164 Cal.App.2d 470, 480 [330 P.2d 894].)

The law is clear that the denial of a motion to continue a hearing on probation and sentence rests in the sound discretion of the court and will be upheld on appeal, absent an abuse of such discretion. (*People* v. *Williams,* 168 Cal.App.2d 624, 627 [336 P.2d 245]; *People* v. *Markos,* 146 Cal.App.2d 82, 86 [303 P.2d 363].)

Appellant's basic objections to the probation report are that it contained hearsay and related his connection with his codefendant's narcotic activities without giving him an opportunity to present rebuttal evidence. He wanted a report that would go only into the facts to which he had plead guilty, viz., possession of marijuana. He misconceives the purpose and scope of such a report. Section 1203, Penal Code, directs the probation officer to make ''an investigation of the circumstances surrounding the crime and of the prior record and history of the defendant,'' to make ''a written report to the court of the facts found upon such investigation,'' and to accompany said report ''with his written recommendations . . . as to the granting or withholding of probation to the defendant.''

Appellant's connection with the narcotic activities of his codefendant Otto, in whose house he had lived for some months, was properly brought out by the probation report as one of ''the circumstances surrounding the crime'' to which appellant plead guilty. It does not appear that anything in the probation officer's report went beyond the broad scope of his duties as stated in section 1203. (*People* v. *Dandy,* 106 Cal.App.2d 19, 21 [234 P.2d 61].) There is no authority that a probation report may not contain extrajudicial material. Such a report is not evidence. (*People* v. *Wahrmund,* 91 Cal.App.2d 258, 262 [206 P.2d 56].) It was therefore not an abuse of discretion, in the circumstances, to deny appellant's motion for a continuance of the hearing on probation and sentence. He was not entitled to a probation report limited to the facts of this particular offense. To so limit such report would render it practically valueless, and would de-

prive the court of valuable information in determining whether probation should be granted or denied. There is nothing in the report to support appellant's contention that the trial court sentenced him for "selling" or "conspiring to sell" narcotics. The judge was well aware of the crime to which appellant plead "guilty" and sentenced him for that offense in accordance with the statute (Health and Saf. Code, § 11530).

It is obvious that the court did not abuse its discretion in denying appellant's motion to change his plea from "guilty" to "not guilty." In making the motion appellant's counsel conceded that his client was guilty of "the possession of narcotics in his room, as he stated." There is no showing whatever of "any factor that overcame the defendant's exercise of a free judgment," in entering his plea of guilty. (See *People* v. *Cooper,* 123 Cal.App.2d 353, 356 [266 P.2d 566].) The fact that appellant may have become apprehensive regarding the anticipated sentence, after his plea of guilty, is no reason to permit him to withdraw the plea. (See *People* v. *Caruso,* 174 Cal.App.2d 624, 642 [345 P.2d 282]; *People* v. *Martinez,* 154 Cal.App.2d 233, 239 [316 P.2d 14].)

Judgment affirmed; other attempted appeals dismissed.

Ashburn, J., and McMurray, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.