[Crim. No. 7588.   Second Dist., Div. Two.   Nov. 24, 1961.]

THE PEOPLE, Plaintiff and Respondent, v. RAMON JOSEPH ZAMORA, Defendant and Appellant.

Harry E. Weiss and Daniel N. Busby for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Don G. Kircher, Deputy Attorney General, for Plaintiff and Respondent.

FOX, P. J.—Defendant was convicted of having possession of marijuana, on or about June 24, 1960, in violation of section 11530, Health and Safety Code. He has appealed from the judgment and sentence.

Officer Vetter and certain other officers from the Police Department of the City of Downey were in a residence at 12609 La Reina in that city on the above date. They had been in this residence for approximately an hour and had effected an arrest for possession of narcotics. At approximately 7:45 p. m. defendant, accompanied by his wife, drove into the driveway. Defendant got out of the car, came to the front door, and knocked. The door was open, but the screen door was closed. Officer Vetter, who had arrested defendant for narcotic addiction and possession of narcotic paraphernalia in 1957, recognized him. The officer opened the screen door

and said, "Hi, Ray. Come on in." At this point defendant "made a step toward the door, hesitated [and] turned around toward the vehicle . . ." At this time the officer noticed the car that defendant had driven into the driveway and observed Mrs. Zamora jump from the passenger side of the front seat of the car into the driver's seat, start the car and attempt to back out of the driveway. Officer Vetter called to Detective Carberry "to take" Mr. Zamora. Vetter then undertook to stop the car. With gun in hand, he twice commanded Mrs. Zamora to halt; that they were police officers. She traveled some 25 feet but made no attempt to stop until the officer reached the driveway and made a diving motion into the car through the left front window and turned off the ignition. The officer then asked Mrs. Zamora to alight from the vehicle, which she did. Thereupon the officer observed two packages on the front seat between the passenger and driver's positions. They were wrapped in newspapers and were observable from outside the car. The officer then said to Mrs. Zamora, "What are the packages?" She replied, "You know what they are as well as I do." He then picked up the packages and opened them. They contained what appeared to be a greenish-brown substance which resembled marijuana, which it proved to be. He exhibited to Mrs. Zamora the contents of these packages. She admitted that the substance was marijuana and that it had been purchased approximately an hour previously in the Firestone area. The officer then confronted Mr. Zamora with the packages. He stated that he knew they contained marijuana, and that it was in the car. He also stated that it had been purchased in the Firestone area approximately an hour earlier. The officer recalled that defendant's name had arisen in many narcotic investigations during the last two years. Both Mr. and Mrs. Zamora were then arrested and transported to the Downey police department.

At the trial defendant admitted that he had purchased the marijuana shortly before his arrest and placed the packages containing it on the front seat of his automobile. He denied, however, any furtive conduct. Mrs. Zamora explained that she started the car after she observed someone grab her husband at the front door of the house.

Defendant's basic contention is that the contraband found in the car was the product of an unlawful search and seizure, and was therefore not admissible in evidence. The record, however, does not support defendant's position.

■ In *People* v. *Davis*, 188 Cal.App.2d 718, 721 [10 Cal.Rptr. 610], this court pointed out that ''[t]he courts have constantly recognized the right of the police to stop persons and to question them where the circumstances appear to warrant such action,'' and that ''each case must be decided on its own facts. . . .'' It is also stated that the reasonableness of the action of police officers must be determined on the basis of the facts and circumstances as they appeared to the officers at the time they were required to act. (See also *People* v. *Evans*, 175 Cal.App.2d 274, 276 [345 P.2d 947].) In the instant case we have this factual picture: The defendant, who is known to the police as a narcotic user and whose name had frequently come up in connection with their narcotic investigations during the past two years, came to a home where a narcotics arrest had just been made by an officer who knew him and was familiar with his narcotic background. Upon being greeted by the officer and invited into the house, he made certain furtive movements, and his wife immediately started their automobile and attempted to leave the premises. She failed to respond to the officer's command to halt, and made it necessary for him forcibly to turn off the ignition.

■ In *People* v. *Sanchez*, 189 Cal.App.2d 720 [11 Cal. Rptr. 407], the court stated at page 724: ''There is certainly nothing unreasonable about police seeking an interview with a suspect . . . calling upon him for that purpose wherever he may be found—at his home [citations], and place of employment [citation] or in an automobile [citations] and questioning him, where the circumstances appear to warrant such action.'' ■ Here Zamora's narcotic background, his furtive conduct, as well as that of his wife, reasonably justified the officers in seeking to detain them and question them. (*People* v. *Davis, supra*, p. 721.) Their furtive conduct was of such a character and spontaneity as to reasonably cause the officers to believe that they had possession of contraband which they did not want the officers to find. (*People* v. *Blodgett*, 46 Cal.2d 114, 117 [293 P.2d 57].) Officer Vetter was therefore clearly justified in intercepting Mrs. Zamora's sudden attempted departure by turning off the ignition.

■ When she had alighted from the car in response to the officer's request (*People* v. *Martin*, 46 Cal.2d 106, 108 [293 P.2d 52]) the officer observed two packages wrapped in newspapers in the front seat. In light of the circumstances he was justified in making inquiry as to their contents. Her response, ''You know what they are as well as I do,'' reason-

ably raised the inference that these packages contained contraband. It was therefore proper to take possession of them and to open them. (See *People* v. *Lewis,* 187 Cal.App.2d 373, 376 [9 Cal.Rptr. 659].) It is thus apparent that the police officers had reasonable cause to apprehend the defendant and his wife and to pursue their investigation as they did. The contraband was therefore not the product of an unlawful search or seizure and was properly admitted in evidence.

The judgment is affirmed.*

Ashburn, J., and Herndon, J., concurred.

---

*"The judgment is the sentence and appealing from both is tautological. The affirmance of the judgment carries with it the affirmance of the sentence." (*People* v. *Sweeney,* 55 Cal.2d 27, footnote p. 33 [9 Cal.Rptr. 793, 357 P.2d 1049].)