[Crim. No. 14223.   Second Dist., Div. Two.   Apr. 29, 1969.]

THE  PEOPLE,  Plaintiff  and  Respondent,  v.  HOWARD
NEU  INGRAM,  JR.,  Defendant  and  Appellant.

David Rothman, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Lola M. McAlpin, Deputy Attorney General, for Plaintiff and Respondent.

WRIGHT, J.—In superior court case No. A-050632, appellant (defendant below) was charged with a violation of Health and Safety Code section 11532 (selling, furnishing, administering and giving marijuana to a minor). Superior court case No. A-050638 was consolidated with the aforementioned case charging as count II a violation of Health and Safety Code section 11530 (possession of marijuana) and as count III a violation of Health and Safety Code section 11911 (possession for sale of restricted drugs).

At arraignment, pleas of not guilty were entered and at the time of trial, trial by jury was waived and pursuant to stipulation the cause was submitted upon the testimony as set forth in the transcript of the preliminary hearing and the evidence received at said hearing. Both the People and the defendant reserved the right to offer any additional evidence. Defendant was found guilty of a violation of Health and Safety Code section 11531, (transportation or sale of marijuana) a lesser but necessarily included offense of count I. The ruling on the remaining counts was continued until the date of probation hearing and sentencing. A probation officer's report was ordered and at the probation hearing the proceedings were suspended and defendant was referred to the Director of the Department of Corrections for review regarding placement of defendant for diagnosis and treatment pursuant to the provisions of section 1203.03 of the Penal Code. Defendant was later returned to the superior court for sentencing at which time probation was denied and defendant was sentenced to

the state prison for the term prescribed by law. Counts II and III of the information were at that time dismissed.

## DEFENDANT'S CONTENTIONS

■ Defendant contends that the trial court abused its discretion in refusing probation. We find there is no merit in this contention.

## STATEMENT OF FACTS

Although the sufficiency of the evidence to support the conviction is not challenged, a brief résumé of the facts in this case is essential to an appreciation of defendant's position.

In November of 1966, "A," a minor of the age of 17 years, visited a Sunset Strip night club in Los Angeles County where he became involved in a conversation with a stranger who inquired of "A" if he was interested in obtaining some marijuana. "A" responded that he desired to make a purchase and delivered some money to the stranger. Later the stranger informed "A" that the marijuana would be sent by mail to the minor's home in Kern County. "A" also was given a telephone number to call for future orders and was told that he should ask for "Howard". At a later date "A" made a telephone call to the number previously furnished to him and asked to speak to Howard. Following the conversation, "A" purchased a money order in the approximate amount of $70 and placed the same in an envelope addressed to Howard Ingram at Post Office Box 66205, Mar Vista Station, Los Angeles, California. For the purpose of making inquiry as to the time the ordered marijuana would arrive, "A" on several occasions, telephoned to and spoke with a person who identified himself as Howard.

On January 18, 1967, a package arrived in Kern County addressed to "A," and the mother of "A" received and opened the package finding therein five wax paper bags containing a total of 124.78 grams of marijuana and a letter in defendant's handwriting. The marijuana and the letter were delivered to the sheriff's office.

A felony arrest warrant for defendant was secured and when the police officers went to defendant's residence to serve the same, defendant's mother answered the door and indicated that defendant was in the garage. The officers informed defendant's mother of their purpose and she stated "This is my house and you can look any place you want to." The officers then went to the garage, found defendant and placed him under arrest. He was fully advised of his rights under

*Miranda* v. *Arizona,* 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974].

Discovered in a urinal in the garage were tablets containing lysergic acid (LSD). Defendant told the officers that he had purchased 19 of these tablets for $150 and that he was selling the same at $10 per tablet. Discovered in a chest in the garage was a glass jar of marijuana seeds and a grinder containing marijuana debris. Defendant volunteered that he ground up the seeds and baked the same in a gingerbread mix. Other items of contraband were also found in the garage as was the letter of ''A'' addressed to defendant containing his order for marijuana.

It was the opinion of an experienced narcotics officer that defendant was holding the tablets for the purpose of sale. This was based not only upon the number of tablets in defendant's possession but also in the method of packaging the same.

A United States postal inspector testified that defendant had maintained Post Office Box 66205 at the Mar Vista Station since August 12, 1966.

### Disposition of Defendant's Contention

■ There is no appeal from an order denying probation. (*Schaefer* v. *Superior Court,* 113 Cal.App.2d 428, 438 [248 P.2d 450]; *People* v. *Young,* 105 Cal.App.2d 612, 613 [233 P.2d 155].) However, ''. . . where the denial is (1) for lack of jurisdiction (*Schaefer* v. *Superior Court, supra*); or (2) because the court failed to follow the statutory requirements pertaining to probation (*People* v. *Wade,* 53 Cal.2d 322, 338 [1 Cal.Rptr. 683, 348 P.2d 116]; *People* v. *Hollis,* 176 Cal. App.2d 92, 99 [1 Cal.Rptr. 293]; or (3) because there is a clear showing of abuse of discretion (*People* v. *Cooper,* 123 Cal.App.2d 353, 357 [266 P.2d 566]; *People* v. *Wade, supra*), such denial may be reviewed on an appeal from the judgment.'' (*People* v. *Lewis,* 187 Cal.App.2d 373, 377 [9 Cal. Rptr. 659].) We assume that it is defendant's position that his appeal rests upon the last mentioned category.

Defendant presents the novel proposition that probation was denied by the trial judge solely by reason of defendant's attitude and opinion towards the marijuana laws of this state. This, contends defendant, is a violation of the First and Fourteenth Amendments of the United States Constitution and would be punishing a defendant for his opinions, an abridgment of free speech and a denial of due process of law.

Defendant's position overlooks the fact that in the colloquy between the judge and counsel for defendant, the court was addressing a series of questions to determine whether or not defendant was a good risk to place on probation. ■ A reasonable condition of probation is that the candidate shall remain a law abiding citizen and shall not become involved in further violations of the law. ■ An inquiry by the judge into the attitude and opinions of a prospective probationer is not only proper but essential in determining whether the individual before the court should be granted probation.

We have no quarrel with the proposition that a person in our society has an absolute privilege to criticize the government and its laws. This may be done freely and without fear of punishment. The defendant in the case before us, however, was not punished because of his beliefs; he was punished for his conduct—a conviction for a violation of Health and Safety Code section 11531.

■ "It is well settled that probation is not a matter of right, but is an act of grace and clemency, the grant or denial of which is within the court's discretion. [Citations.] Such an exercise of discretion will not be interfered with on appeal in the absence of a clear showing of abuse. [Citations.]" (*People* v. *Hollis,* 176 Cal.App.2d 92, 96 [1 Cal.Rptr. 293].) ■ "For purposes of determining whether a convicted defendant is a deserving candidate for clemency, the trial court is entitled to consider the defendant's record and all the facts and circumstances of the case as disclosed by the evidence and by the probation officer's report." (*People* v. *Hollis, supra,* at page 97.)

In determining what disposition should be made in a particular case, the court may also consider the contents of the report prepared by the Director of the Department of Corrections containing diagnosis and recommendations when a defendant has been referred to that department for temporary placement. (Pen. Code, § 1203.03.) ■ In this case we have the benefit of the diagnostic study and recommendation of the California Department of Corrections by reason of the fact that defendant made an application to augment the record on appeal to include the report and the request was granted. The recommendation of the report is as follows:

"It is respectfully recommended to the Honorable Court that Howard Neu Ingram, Jr. be committed to the California Department of Corrections."

The reasons for the recommendation are as follows:

"This youthful offender, who is intelligent and hedonistically oriented, has had a 7-year arrest history, including petty theft, burglary, public intoxication, driving while intoxicated, auto theft, possession of Marijuana and dangerous drugs, unlawful taking of a vehicle, and furnishing Marijuana to a minor.

"Ingram has a very negative attitude, feels he has been committed unjustifiably, and is extremely resentful. Ingram does not qualify for commitment as a civil addict pursuant to Section 6451 PC, in view of his well-established prior delinquent history. Ingram exhibits problems which would be difficult to control even under an ideal probation program; therefore, commitment to the California Department of Corrections is recommended."

As indicated above, the trial court has wide discretion in the granting or denying of probation and the court is entitled to consider defendant's record, the facts and circumstances of the case, the probation officer's report and the report of the Department of Corrections.

In the case before this court there was no abuse of the court's discretion.

The judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 25, 1969.